EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| El Pueblo de Puerto Rico<br><br>    Recurrido<br><br>          vs.<br><br>Francisco Javier Rivera Toro<br><br>    Peticionario | Certiorari<br><br>2008 TSPR 31<br><br>173 DPR \_\_\_\_ |

Número del Caso: CC-2006-932


Fecha: 20 de febrero de 2008


Tribunal de Apelaciones:

          Región Judicial de Mayagüez – Aguadilla

Juez Ponente:

          Hon. Carlos Soler Aquino

Abogados de la Parte Peticionaria:

          Lcdo. José Toro Iturrino
          Lcdo. Antonio Bauzá Torres

Abogado de la Parte Recurrida:

          Lcdo. César López Cintrón
          Fiscal Especial Independiente


Materia: Apropiación Ilegal Agravada, Soborno Agravado y Ley de Ética
        Gubernamental


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Recurrido

        v.                              CC-2006-932   *CERTIORARI*

Francisco Javier Rivera Toro

    Peticionario

OPINIÓN DEL TRIBUNAL EMITIDA POR EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ

San Juan, Puerto Rico, a 20 de febrero de 2008

Como resultado de una investigación realizada por la Oficina del Fiscal Independiente (en adelante, FEI) se presentó, ante el Tribunal de Primera Instancia, Sala de Mayagüez, una acusación por cuatro cargos graves contra el ex-alcalde de Hormigueros Francisco Javier Rivera Toro (en adelante, Rivera Toro).[1] Celebrado el juicio por jurado, éste rindió veredicto de culpabilidad en

---

[1] Los cargos por los que se acusó a Rivera Toro fueron una infracción al Artículo 3.2-C de la Ley de Ética Gubernamental, 3 L.P.R.A. Sec. 1822 (c), una infracción al Artículo 166(a) del Código Penal de Puerto Rico de 1974; apropiación ilegal agravada de propiedad pública y dos infracciones al Artículo 210 del Código Penal de Puerto Rico de 1974; soborno agravado. 33 L.P.R.A. Secs. 4272 (a) y 4361.

tres de los cuatro cargos por los que se les acusó.[2] El mismo día en que el jurado rindió veredicto, es decir, el 4 de junio de 2005, el tribunal de instancia ordenó el ingreso de Rivera Toro en una institución penal y señaló el acto de lectura de sentencia. A los tres días de rendido el veredicto, la representación legal de Rivera Toro presentó una solicitud para regrabar y transcribir el proceso, la cual fue declarada con lugar.

En octubre de 2005, Rivera Toro presentó una solicitud de nuevo juicio y/o desestimación por falta de jurisdicción imputándole una serie de errores al tribunal de instancia. Para tal petición se valió de la regrabación y transcripción de los procedimientos del juicio, parte de la cual fue utilizada en sus argumentos.[3] Luego de una vista argumentativa, el tribunal de instancia declaró sin lugar la referida solicitud.

El 16 de diciembre de 2005, el tribunal de instancia sentenció a Rivera Toro a cumplir condena de prisión, más una pena especial de $300.00. Inconforme, Rivera Toro apeló la sentencia. Además, presentó solicitud de fianza

---

[2]  El jurado encontró culpable a Rivera Toro de infringir la Ley de Ética Gubernamental, por el cargo de apropiación ilegal agravada y por uno de los cargos de soborno agravado, rindiendo a su vez veredicto absolutorio en el otro de los cargos de soborno agravado.

[3] En la solicitud de nuevo juicio Rivera Toro transcribió, entre otras cosas, parte de las instrucciones impartidas al Jurado por el tribunal de instancia, expresiones del Tribunal relativas a cuestiones de derecho discutidas en ausencia de jurado y parte del testimonio de unos testigos de cargo.

en apelación ante el tribunal de instancia, la cual fue declarada con lugar el 12 de enero de 2006.

El 24 de enero de 2006, el Tribunal de Apelaciones emitió resolución para que las partes sometieran sus alegatos de conformidad con la Regla 28 del Reglamento del Tribunal de Apelaciones. 4 L.P.R.A. Ap. XXII-B. Posteriormente, la representación legal de Rivera Toro solicitó del tribunal intermedio apelativo 60 días para someter la exposición narrativa de la prueba. Tal petición fue concedida mediante resolución de 15 de febrero de 2006. Expirado el término sin que Rivera Toro hiciera trámite alguno en el caso, el 16 de junio de 2006 el FEI solicitó la desestimación de la apelación, a tenor con la Regla 83 (B) (3), (4) y (C) del Reglamento del Tribunal de Apelaciones. 4 L.P.R.A. Ap. XXII-B.

El 22 de junio de 2006, el Tribunal de Apelaciones emitió una resolución ordenándole a Rivera Toro que mostrara causa por la cual no debía declarar con lugar la moción de desestimación.[4] Oportunamente, Rivera Toro compareció, radicando la transcripción de la prueba oral. En su escrito, reclamó "haber realizado esfuerzos y trabajado afanosamente" para preparar la exposición narrativa, lo que no había sido posible por lo distante entre las oficinas de los abogados que representan al

---

[4] Posteriormente, el Procurador General de Puerto Rico solicitó la desestimación por el fundamento de que Rivera Toro no había cumplido con la orden de mostrar causa.

peticionario y por los múltiples compromisos de ambos en los distintos tribunales.[5] Adujo, además, que dados los errores señalados, se había considerado que era necesaria la transcripción de los testimonios y de las instrucciones impartidas por el tribunal de instancia.

En una moción informativa presentada por el FEI el 8 de agosto de 2006, éste alegó que la transcripción sometida por el señor Rivera Toro carecía de certificación y se desconocía su autor. A su vez, adujo que la había examinado confrontando serios inconvenientes ya que la misma contenía un sin número de instancias en las cuales se utilizaba la palabra ininteligible. Indicó que al cotejar la transcripción con la que realizó su oficina había encontrado incongruencias, por lo que solicitó la regrabación que el peticionario hizo de los procedimientos, para estar en condiciones de informar al Tribunal si aceptaba la transcripción sometida como la oficial o señalar cualquier diferencia significativa existente. Subsiguientemente, Rivera Toro entregó a la Oficina del FEI su regrabación de los procedimientos.

---

[5] En la oposición a la petición de *certiorari*, el FEI alegó no haber recibido llamada o escrito alguno, de la representación legal de Rivera Toro, dirigido a su oficina sobre los esfuerzos hechos para realizar la exposición narrativa.

El Tribunal de Apelaciones dictó sentencia desestimando la apelación el 25 de agosto de 2006.[6] Fundamentó su decisión en que el señor Rivera Toro no había cumplido con la orden de mostrar causa, lo que sumado a otras incomparecencias demostraba abandono de la apelación. Inmediatamente, el FEI solicitó del tribunal de instancia que revocara la fianza de Rivera Toro, lo que fue ordenado por dicho foro el 8 de septiembre de 2006.[7] Rivera Toro presentó reconsideración del Tribunal de Apelaciones, la que fue denegada.

Inconforme con la desestimación de la apelación, Rivera Toro recurrió ante este Tribunal --mediante recurso de *certiorari*-- imputándole al foro apelativo intermedio haber errado al:

> …permitir la participación y darle curso a una moción en solicitud de desestimación presentada por el Departamento de Justicia del Estado Libre Asociado de Puerto Rico, por conducto del Procurador General, en un caso que dicho Departamento había referido a la Oficina del Fiscal Especial Independiente, la cual había designado un FEI, y éste estaba manejando el proceso.

> …desestimar el 25 de agosto de 2006, la apelación del ahora peticionario, por alegadamente éste no haber cumplido con una orden del 22 de junio de

---

[6]  En su sentencia, el tribunal apelativo intermedio se refiere a la moción de desestimación presentada por el FEI, no así a la radicada por el Ministerio Público. Ello por que en el presente caso es el FEI el representante del Estado.

[7] El señor Rivera Toro se encuentra actualmente en la libre comunidad con el Programa de Reinserción Comunitaria, el cual pertenece a la Administración de Corrección y Rehabilitación, luego de cumplir el 10% de la sentencia.

2006, no empece al hecho de que desde el 18 de julio de 2006, o sea 38 días antes, el peticionario había radicado el escrito en cumplimiento con dicha orden, la cual era de fácil hallazgo, pues iba acompañada con una transcripción compuesta por 1,085 folios.

…resolver que el apelante y ahora peticionario había abandonado la apelación por él presentada en el caso el Pueblo de Puerto Rico v. Francisco Javier Rivera Toro, apelación número KLAN 2005-01622, y por consiguiente desestimar la misma.

Examinada la petición de *certiorari*, emitimos Resolución ordenándole al Estado, por conducto del FEI, que mostrara causa por la cual no debía expedirse el auto solicitado, dictar Sentencia revocatoria y reinstalar la apelación ante el tribunal intermedio. Contando con la comparecencia de ambas partes, y estando en condiciones de resolver el recurso presentado, procedemos a así hacerlo. Revocamos; veamos por qué.

I.

A.

En nuestra jurisdicción, al igual que en la jurisdicción federal, el derecho a apelar una convicción criminal es uno de naturaleza estatutaria.

Hace más de un siglo el Tribunal Supremo de los Estados Unidos resolvió en McKane v. Durnston, 153 U.S. 684 (1894), que sin importar el tipo de ofensa o la gravedad de la misma, un acusado convicto no tiene derecho constitucional a apelar su convicción. La Corte Suprema Federal afirmó que el derecho a apelar y la determinación

de las circunstancias y condiciones bajo las cuales procedería, es materia que compete a los Estados. Tales expresiones han sido reiteradas consistentemente por el Supremo federal. Martínez v. Court of Appeal, 528 U.S. 152 (2000).

Al ser el derecho a apelar uno de naturaleza estatutaria, éste existe siempre que haya una ley que lo conceda. Vázquez Suárez v. Rivera, 69 D.P.R. 947 (1949). En Puerto Rico, el ordenamiento procesal apelativo reconoce el derecho a apelar las sentencias dictadas por los tribunales inferiores. Gran Vista I, Inc. v. Gutiérrez Santiago, res. el 2 de febrero de 2007, 2007 T.S.P.R. 20. Por su naturaleza, es la Asamblea Legislativa quien tiene el poder de establecer las formas en que se puede ejercer tal derecho. Padilla v. García, 61 D.P.R. 734 (1960). En consecuencia, el derecho a apelar no es automático sino que depende de que los litigantes cumplan con las normas legales y reglamentarias a los fines de perfeccionarlo.

Los requisitos aplicables al perfeccionamiento de un recurso de apelación ante el Tribunal de Apelaciones están contenidos en el Reglamento del Tribunal de Apelaciones de 2004, ante, la Ley de la Judicatura de 2003, 4 L.P.R.A. Sec. 24 et seq. y las Reglas de Procedimiento Civil, 32 L.P.R.A. Ap. III. Los litigantes y sus representantes legales deben observar rigurosamente las disposiciones legales y reglamentarias aplicables al perfeccionamiento de los recursos apelativos. Pellot Ferrer v. Avon Mirabella,

160 D.P.R. 125 (2003). Gran Vista I, Inc. v. Gutiérrez Santiago, ante. No quedan al arbitrio de los abogados y abogadas decidir las disposiciones reglamentarias que deben cumplirse y cuándo las acatarán. Id.

El Reglamento del Tribunal de Apelaciones, ante, establece, en la Regla 83, los motivos por los cuales una parte puede solicitar en cualquier momento la desestimación de un recurso. En lo pertinente, el Inciso 3 de la Regla 83 dispone, que tal petición procede cuando el recurso no se ha presentado o proseguido con diligencia o buena fe. Además, y según surge del Inciso 4 de la referida Regla, puede solicitarse la desestimación cuando el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos.

El incumplimiento con las disposiciones reglamentarias sobre los recursos a ser presentados, tanto en el Tribunal de Apelaciones como en este Tribunal podría conllevar la desestimación del recurso. Cárdenas Maxán v. Rodríguez, 119 D.P.R. 642, 659 (1987). En consecuencia, debemos reconocer el poder discrecional que tiene el Tribunal de Apelaciones, bajo su Reglamento, de desestimar un recurso o eliminar las alegaciones de una parte.

No obstante, en nuestro ordenamiento jurídico existe un interés importante de que las controversias se resuelvan en los méritos. Pueblo v. Rodríguez Ruiz, 157 D.P.R. 288 (2002); Sociedad de Gananciales v. García Robles, 142

D.P.R. 241 (1997). La Ley de la Judicatura de 2003, *ante,* reitera dicho interés cuando en su Artículo 4.002 afirma que "[e]l Tribunal de Apelaciones deberá… ofrecer acceso fácil, económico y efectivo a sus procedimientos eliminando obstáculos y barreras que impidan impartir justicia apelativa a los ciudadanos con reclamos válidos." 4 L.P.R.A. Sec. 24u (Sup. 2007).

Por lo tanto, es necesario establecer un balance entre el deber de las partes de cumplir con las leyes y reglamentos procesales y el derecho estatutario de los ciudadanos de que su caso sea revisado. Román Velázquez v. Román Hernández, 158 D.P.R. 163 (2002). Para lograr tal balance se ha establecido, como norma general, que el mecanismo procesal de la desestimación, como sanción, debe utilizarse como último recurso. Salinas v. Alonso Estrada, 160 D.P.R. 647 (2003). La desestimación de un caso como sanción, debe prevalecer únicamente en situaciones extremas en las cuales haya quedado demostrado de manera clara e inequívoca la desatención y el abandono total de la parte con interés y luego que otras sanciones hayan probado ser ineficaces en la administración de la justicia y, en todo caso, no debe procederse a decretar la misma sin un previo apercibimiento. Municipio de Arecibo v. Almacenes Yakima del Atlántico, Inc., 154 D.P.R. 217 (2001).

Sólo procede que se desestime un recurso por incumplimiento al Reglamento, cuando éste haya provocado un "impedimento real y meritorio para que el tribunal pueda

atender el caso en los méritos." Román Velázquez v. Román Hernández, *ante.* Por las razones expuestas, el tribunal apelativo intermedio debe utilizar, en primer término, medidas menos extremas para propiciar el perfeccionamiento diligente de los recursos ante su consideración. *Id.*

Este Tribunal estableció en Maldonado v. Secretario de Recursos Naturales, 113 D.P.R. 494, 498 (1982), la tan reiterada norma, de que cuando un tribunal de instancia tiene ante si un caso civil que, de acuerdo con la ley y la jurisprudencia aplicables, amerita la imposición de sanciones, éste debe, en primer término, imponerlas al abogado. Cuando estas medidas menos drásticas no tengan efectos positivos es que procede la desestimación de la demanda o eliminación de las alegaciones, tan sólo después de que la parte haya sido informada y apercibida de la situación y de las consecuencias de la misma si no se corrige. *Id.* Tal pauta jurisprudencial fue aplicada al proceso apelativo. Véase: López Rivera v. Rivera Díaz, 141 D.P.R. 194 (1996).

Al respecto, este Tribunal sólo se había expresado a esos efectos en causas civiles. Es lógico razonar, sin embargo, que si en el campo civil el mecanismo de la desestimación debe ser el último recurso para preservar la dignidad y la disciplina en los tribunales, más aun debe serlo en el campo criminal en el cual está en juego la reputación y libertad de un ser humano. Por lo tanto, en causas criminales, el Tribunal de Apelaciones debe

utilizar, en primer término, medidas menos drásticas que la desestimación para propiciar que se perfeccionen diligentemente los recursos ante su consideración. Únicamente, cuando el incumplimiento de la parte interesada impida que el tribunal pueda atender el caso en los méritos, o cuando el abandono de la apelación por la parte sea tal que resulten ineficaces las sanciones menos extremas, puede procederse a la desestimación del recurso, siempre luego de que la parte fuera apercibida e informada de la desestimación y sus consecuencias.

B.

El Artículo 4.008 de la Ley de la Judicatura de 2003, 4 L.P.R.A. Sec. 25, y la Regla 85 del Reglamento del Tribunal de Apelaciones, ante, autorizan a los jueces del tribunal apelativo intermedio a imponer sanciones económicas en todo caso y en cualquier etapa a una parte o a su abogado o abogada por la interposición de recursos frívolos, o que se presentan para retrasar los procedimientos, o por conducta constitutiva de demora, abandono, obstrucción o falta de diligencia en perjuicio de la eficiente administración de la justicia. Será discrecional del tribunal decretar a favor de quién serán los fondos provenientes de la sanción económica, es decir, a una parte, su abogado o abogada, o en beneficio del Estado. El propósito de esta Regla es brindarle al tribunal una herramienta para agilizar los procedimientos, evitando

demoras y congestión en los tribunales. <u>Olivencia García</u> v.

<u>Hosp. Dr. Pila</u>, 155 D.P.R. 421 (2001).[8]

En consecuencia, debemos concluir que la ley y el
reglamento autorizan a los jueces del Tribunal de
Apelaciones a imponer sanciones económicas a los abogados o
a las partes, en casos criminales, por los fundamentos
antes especificados.


II.

A pesar de los varios señalamientos de error que
indicara Rivera Toro en su recurso de *certiorari*, la
controversia en este caso se <u>centra</u> en si el Tribunal de
Apelaciones actuó correctamente al desestimar el recurso de

---

[8] Resolvimos en <u>Pueblo</u> v. <u>Vega Alvarado</u>, 121 D.P.R. 282
(1988), que los tribunales <u>de instancia</u> no están
facultados, en relación al calendario de causas criminales,
a imponerle, de manera sumaria, a las partes o sus abogados
sanciones económicas por conducta que entiende el tribunal
subvierte y atenta contra una eficaz y ordenada
administración de los asuntos judiciales ante su
consideración. Fundamentamos dicha conclusión en el hecho
de que, a diferencia del campo civil, no existe en relación
con el calendario de causas criminales, autoridad
estatutaria o reglamentaria alguna que autorice tal
imposición. *Id.* Ni las Reglas para la Administración del
Tribunal de Primera Instancia del Estado Libre Asociado de
Puerto Rico, 4 L.P.R.A. Ap. II-B, ni las Reglas de
Procedimiento Criminal, 34 L.P.R.A. Ap. II, disponen para
la imposición de sanciones económicas sumariamente. El
magistrado del tribunal de instancia que preside los
procesos en un caso criminal, tiene a su disposición otros
remedios para vindicar la dignidad del tribunal o impedir
que se entorpezcan los procedimientos, como lo son las
costas interlocutorias y el mecanismo del desacato, tanto
el civil como el criminal. <u>Pueblo</u> v. <u>Vega Alvarado</u>, ante;
<u>Pueblo</u> v. <u>Ferrer Rosario</u>, 138 D.P.R. 542, 555 (1995); 4
L.P.R.A. Sec. 24o (Sup. 2007).

apelación por entender que el apelante abandonó la apelación, sin antes imponer sanciones menos extremas e informar a la parte sobre la situación y sus consecuencias, aun cuando esta fuera una causa criminal.

La representación legal del señor Rivera Toro alega que no abandonó la apelación y que, en todo caso, no procedía la desestimación del recurso porque no se le informó y apercibió a la parte sobre la desestimación y sus consecuencias. Por otro lado, el FEI aduce que el aquí peticionario, a pesar de que tuvo en su poder la regrabación de los procedimientos por un tiempo considerable, le solicitó al tribunal una prórroga para entregar la transcripción de la prueba oral y expirado el término de la misma, no fue hasta que el tribunal emitió la orden de mostrar causa que produjo la misma, por lo tanto no procedió de modo diligente y de buena fe. Aun cuando no hay duda de que hubo incumplimiento[9], nos inclinamos a resolver que debe reinstalarse la apelación.

---

[9] En primer lugar y como se expresara en la relación de hechos, el Tribunal de Apelaciones, a solicitud de la representación legal de Rivera Toro, concedió un término para someter la transcripción narrativa de la prueba. Expirado el mismo, el FEI interpuso una moción de desestimación bajo la Regla 83 del Reglamento del Tribunal de Apelaciones, ante. El tribunal intermedio apelativo procedió a emitir una orden de mostrar causa por la cual no debiera desestimar el recurso. Oportunamente, Rivera Toro cumplió con la misma y radicó la transcripción narrativa. El Tribunal de Apelaciones desestimó fundamentando su decisión en que Rivera Toro no había cumplido con la orden emitida. La representación legal de Rivera Toro, compareció luego de haber sido apercibida de la desestimación. Además, a solicitud del FEI, le hizo entrega de la
(Continúa . . .)

III

A pesar de la falta de diligencia de la representación legal de Rivera Toro en el procedimiento apelativo, el tribunal apelativo intermedio, en primer término, no impuso una sanción a los abogados por su incumplimiento. Tampoco informó a la parte de las actuaciones de sus abogados, ni la apercibió de la posibilidad de la desestimación del recurso y sus consecuencias. Desestimar el recurso de

_____

regrabación de la prueba oral, sin que el tribunal lo ordenara.

Una de las razones por las cuales la representación de Rivera Toro alega no haber podido cumplir con el término para entregar la reproducción de la prueba oral era que "dados los errores señalados, se había considerado que era necesaria la transcripción de los testimonios, así como las instrucciones impartidas por el Tribunal de Primera Instancia." Surge del expediente, que la representación legal de Rivera Toro debía tener en su poder la regrabación de la prueba antes de iniciar el procedimiento apelativo porque el tribunal de instancia había declarado con lugar una solicitud del peticionario para regrabar y transcribir el proceso. Posteriormente, Rivera Toro presentó una solicitud de nuevo juicio, en la cual transcribió, entre otras cosas, parte de las instrucciones impartidas al Jurado por el Tribunal de Primera Instancia, expresiones del Tribunal relativas a cuestiones de derecho discutidas en ausencia de jurado y parte del testimonio de unos testigos de cargo. A su vez, los señalamientos de error en la solicitud de nuevo juicio son los mismos que utilizó el señor Rivera Toro en el escrito de apelación.

La defensa de Rivera Toro alegó que otra de las razones por las cuales no pudo cumplir con el término para entregar la transcripción de los procedimientos de la prueba oral era la distancia entre las oficinas de los abogados de la defensa, así como los múltiples compromisos de ambos en los distintos tribunales.[9] Sin embargo, de un examen de los autos del caso surge que todas las mociones ante nuestra consideración presentadas por la defensa fueron firmadas solamente por uno de los abogados, el Licenciado José M. Toro Iturrino.

apelación sin advertir a la parte de la actuación negligente o culposa de sus abogados y sus consecuencias puede provocar una grave injusticia, más aun en un caso criminal donde se afecta la libertad y reputación de la persona.

IV

De conformidad con la normativa antes expuesta y tomando en cuenta los hechos particulares del caso de autos, procede imponer una sanción económica a la representación legal del señor Rivera Toro, a favor del Estado Libre Asociado de Puerto Rico. La cantidad de la misma se fija en dos mil quinientos dólares ($2,500), la cual debe ser pagada en sellos de rentas internas, a ser cancelados en la Secretaría del Tribunal de Apelaciones dentro de un plazo de 30 días desde la notificación de la presente Opinión y Sentencia. Una vez satisfecha la sanción, los procedimientos deben reinstalarse en el tribunal apelativo intermedio.

Habida cuenta de lo anterior, se hace inmeritorio discutir los demás señalamientos de error.

Procede, en consecuencia, expedir el auto de *certiorari* y dictar Sentencia revocando la emitida en el presente caso por el Tribunal de Apelaciones y devolver el mismo a dicho foro para procedimientos ulteriores consistentes con lo aquí resuelto.

Se dictará Sentencia de conformidad.


FRANCISCO REBOLLO LÓPEZ
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Recurrido

        vs.                          CC-2006-932    *CERTIORARI*

Francisco Javier Rivera Toro

    Peticionario

SENTENCIA

San Juan, Puerto Rico, a 20 de febrero de 2008

Por los fundamentos expuestos en la Opinión que antecede, la cual forma parte íntegra de la presente, se dicta Sentencia revocatoria de la emitida en el presente caso por el Tribunal de Apelaciones, imponiéndose una sanción económica de dos mil quinientos dólares ($2,500) a la representación legal del señor Rivera Toro a favor del Estado Libre Asociado de Puerto Rico, la cual debe ser pagada en sellos de rentas internas a ser cancelados en la Secretaría del Tribunal de Apelaciones dentro de un plazo de 30 días desde la notificación de la presente Opinión y Sentencia. Una vez satisfecha la sanción, los procedimientos deben reinstalarse en el tribunal apelativo intermedio conforme a lo aquí expuesto y resuelto.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez se inhibió.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo