CC-2000-545                                                      1

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Rafael Olivencia García, Gladys Olivencia Torres, et als. <br>    Recurridos <br><br>        v. <br><br> Hospital Dr. Pila, Aseguradora Z, Dr. Pillot, et als. <br>    Peticionario | Certiorari <br><br> 2001 TSPR 142 <br><br> 155 DPR \_\_\_\_ |

Número del Caso: CC-2000-545

Fecha: 25/octubre/2001

Tribunal de Circuito de Apelaciones:
                        Circuito Regional V

Panel integrado por su Presidente el Juez Negrón Soto y los Jueces Negroni Cintrón y Segarra Olivero

Abogado de la Parte Peticionaria:
                        Lcdo. Anselmo Irizarry Irizarry

Abogado de la Parte Recurrida:
                        Lcdo. John Donato Olivencia

Materia: Daños y Perjuicios

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Rafael Olivencia García,
Gladys Olivencia Torres,
et als

     Recurridos

        v.                       CC-2000-545     Certiorari

Hospital Dr. Pila,
Aseguradora Z, Dr. Pillot,
et als

     Peticionario


SENTENCIA

San Juan, Puerto Rico, a 25 de octubre de 2001.

El presente recurso de <u>Certiorari</u> pretende de esta Curia la revisión de una resolución emitida por el Tribunal de Circuito de Apelaciones el 4 de mayo de 2000, notificada a las partes copia de la misma el 15 de mayo de 2000. Mediante la misma se exoneró al demandado de autos, peticionario ante el foro intermedio apelativo, de una sanción económica previamente impuesta, en forma solidaria, con su abogado. No obstante, el Tribunal de Circuito de Apelaciones mantuvo la sanción económica contra el referido abogado, aquí peticionario.

**El presente pleito dio comienzo con una demanda en daños y perjuicios por impericia médica**

incoada por Rafael Olivencia García y otros, contra el doctor Juan R. Pillot Costas y otros. El 22 de febrero de 1999, el Tribunal de Primera Instancia, Sala Superior de Ponce, emitió sentencia imponiéndole responsabilidad tanto al doctor Pillot Costas, como al Estado Libre Asociado de Puerto Rico, por la muerte de la señora Julia Torres Quiñones. Inconforme con dicho dictamen, el doctor Pillot Costas acudió, mediante recurso de apelación, al Tribunal de Circuito de Apelaciones el 24 de septiembre de 1999, cuestionando la apreciación de la prueba que hiciera el foro de primera instancia.

Mediante resolución de 14 de octubre de 1999, el Tribunal de Circuito de Apelaciones le señaló a la parte apelante, demandada de autos, su deber de presentar un proyecto de exposición narrativa, a tenor con lo dispuesto en la Regla 19 de su Reglamento.[1] Señaló que debía cumplir fielmente con dicha norma, bajo apercibimiento de sanciones.

El 21 de octubre de 1999, el doctor Pillot Costas radicó ante el Tribunal de Circuito de Apelaciones una "Moción Solicitando Autorización para Regrabar Testimonios". Solicitó que, a tenor con la Regla 76 del Reglamento del Tribunal de Circuito de Apelaciones,[2] se le autorizara a gestionar y obtener en el Tribunal de Primera Instancia una regrabación de los testimonios periciales de los doctores German Malaret, Jorge Garib y Carlos Gómez. Adujo que, dado el cúmulo de testimonios, sería bastante difícil la preparación de una exposición narrativa de la prueba pericial, y que en aras de la economía procesal sería beneficioso para todas las partes.[3]

El 25 de octubre de 1999, la parte apelada, demandante de autos, presentó ante el Tribunal de Circuito de Apelaciones un escrito solicitando la desestimación del recurso de apelación. Arguyó que la parte apelante incumplió, al no justificar la razón por la cual no le fue posible presentar una exposición narrativa estipulada o una exposición

---

[1] 4 L.P.R.A. Ap. XXII-A, R.19.

[2] 4 L.P.R.A. Ap. XXII-A, R. 76.

[3] Apéndice XXV del recurso de Certiorari, págs. 85-86.

narrativa de la prueba oral. Adujo que el argumento esbozado por esa parte, de que le sería muy difícil preparar una exposición narrativa de la prueba pericial era vago y estereotipado y, por tanto, no cumplía con las exigencias de la Regla 76, supra. Sostuvo, además, que la parte demandada grabó los procedimientos. Por último, señaló que habiendo transcurrido el término de treinta (30) días dispuesto en la Regla 19, supra, procedía la desestimación del recurso de apelación presentado.

El doctor Pillot Costas presentó el 8 de noviembre de 1999 una "Réplica a Moción de Desestimación y Otros Extremos", exponiendo dos razones para no presentar la exposición narrativa de la prueba oral dentro de los treinta (30) días dispuestos en la Regla 19, supra: (1) porque había solicitado una autorización para regrabar los testimonios de los peritos; y (2) porque del 8 al 15 de octubre de 1999 su abogado estuvo hospitalizado y el médico le ordenó reposo por dos semanas. En dicha moción reiteró su solicitud para que se le permitiera regrabar los testimonios periciales.

Mediante Resolución de 23 de noviembre de 1999, notificada y archivada en autos el 3 de diciembre de 1999, el Tribunal de Circuito de Apelaciones declaró no ha lugar la moción de desestimación presentada por la parte apelada y con lugar la solicitud para que se le permitiera la regrabación de los tres testimonios periciales presentados por la parte apelante. Dicho Tribunal le ordenó al apelante hacer las gestiones correspondientes ante el Tribunal de Primera Instancia en un término final de cinco (5) días, y notificar de ello a ese foro apelativo. Por último, señaló que, en lo sucesivo, las partes debían cumplir fielmente con lo dispuesto en la Regla 19, supra.[4]

El 16 de diciembre de 1999 la parte apelante presentó ante el Tribunal de Primera Instancia una "Moción Solicitando Turno para Regrabar Testimonio". A su vez, presentó ante el Tribunal de Circuito de Apelaciones una "Moción Informativa", señalando que había presentado ante el foro de primera instancia una solicitud de turno para regrabar los

procedimientos, toda vez que ya se había contratado un taquígrafo para ello.

Mediante Resolución de 17 de febrero de 2000, notificada y archivada en autos el 24 de febrero de 2000, el Tribunal de Circuito de Apelaciones señaló que en su resolución del 23 de noviembre de 1999 le había ordenado a la parte apelante realizar la regrabación de los tres (3) testimonios periciales. Señaló, además, que le había ordenado a dicha parte cumplir fielmente con la Regla 19, supra. Sostuvo, que transcurridos más de treinta (30) días, dicha parte no le había informado nada al respecto. Por último, le ordenó a las partes que, en un término final de cinco (5) días, sometieran la exposición narrativa estipulada de dichos testimonios. Los apercibió que de no estar preparados, comparecieran los apelantes dentro de ese mismo término a informar lo sucedido, bajo apercibimiento de desestimación del recurso.

El 2 de marzo de 2000 la parte demandada presentó "Moción Informativa sobre Regrabación de Testimonios". Adujo que había radicado varios escritos ante el foro de primera instancia solicitando turno para regrabar y hacer los arreglos necesarios para la contratación del taquígrafo, pero que hasta ese momento dichas mociones no habían sido resueltas. Arguyó que se había coordinado con el transcriptor, señor Buxeda, las fechas del 13, 14 y 15 de marzo de 2000 para realizar la regrabación, y que una vez éste regrabara le informaría el tiempo aproximado para la transcripción.

El 1 de marzo de 2000 la parte apelada presentó una moción de desestimación del recurso de apelación, alegando el incumplimiento por la parte apelante con las órdenes emitidas por el Tribunal de Circuito de Apelaciones. El 7 de marzo de 2000, la parte apelante replicó a dicha moción aduciendo que se estaban haciendo gestiones ante el Tribunal de Primera Instancia para la regrabación de los testimonios periciales y que no se le podía penalizar por la tardanza observada por el foro de primera instancia.

---

[4] Apéndice IX, Íd., págs. 24-26.

Mediante Resolución de 9 de marzo de 2000, el Tribunal de Circuito de Apelaciones le concedió a la parte apelante un término final de treinta (30) días, contados a partir del 16 de marzo de 2000, para que sometiera el proyecto de exposición narrativa de los testimonios periciales.

El 15 de marzo de 2000 la parte apelante presentó una "Moción Informativa" señalando que la supervisora de la Sala del Tribunal de Primera Instancia le había solicitado la consignación de treinta y cinco dólares ($35) por concepto de honorarios para la regrabación de los testimonios periciales, y que consignó dicha suma según le fue solicitada.

Mediante "Moción Solicitando Prórroga para Cumplir con Resolución" de 23 de marzo de 2000, la parte demandada adujo que el taquígrafo contratado para la transcripción de los testimonios le había señalado que necesitaba un tiempo adicional para la regrabación y transcripción de los mismos. En atención a ello, solicitó que se le concediera hasta el 19 de mayo de 2000 para presentar una transcripción de los testimonios periciales.

El Tribunal de Circuito de Apelaciones, mediante Resolución de 30 de marzo de 2000, declaró no ha lugar la referida solicitud. En dicha resolución dicho foro señaló, además, que no autorizó la presentación de una transcripción, sino de una exposición narrativa de la prueba. Añadió que la parte apelante no había expuesto razones que justificaran la concesión de un tiempo adicional, por lo que debía atenerse al concedido.

El 12 de abril de 2000, la parte apelante presentó la transcripción de los referidos testimonios periciales.

Mediante Resolución de 14 de abril de 2000, notificada el 24 de abril de 2000, el Tribunal de Circuito de Apelaciones le impuso solidariamente al doctor Pillot Costas y a su abogado, el licenciado Anselmo Irizarry Irizarry, una sanción de mil dólares ($1,000) a depositarse en la Secretaría de ese Tribunal dentro de un término de cinco (5) días, bajo apercibimiento de la desestimación del recurso de apelación. Como fundamento para la imposición de dicha sanción, sostuvo que el doctor Pillot Costas había enviado a dicho foro intermedio apelativo la

transcripción de los testimonios periciales, en clara violación a lo ordenado, pues la regrabación de los referidos testimonios fue autorizada con el propósito de que la parte apelante pudiera preparar y presentar ante el Tribunal de Primera Instancia el proyecto de exposición narrativa de los testimonios periciales. Por último, dicho foro le concedió un término final de diez (10) días a la parte apelante para que presentara el referido proyecto de exposición narrativa, con copia a las demás partes.

Con fecha de 14 de abril de 2000, la parte apelante presentó ante el Tribunal de Circuito de Apelaciones una moción de reconsideración con relación a la resolución dictada el 30 de marzo de 2000, la cual fue denegada. El 27 de abril de 2000, dicha parte demandada radicó una moción de reconsideración con relación a la resolución emitida el 14 de abril de 2000. Mediante Resolución de 4 de mayo de 2000, notificada y archivada en autos el 15 de mayo de 2000, el Tribunal de Circuito de Apelaciones acogió la referida moción presentada el 27 de abril de 2000, a los efectos de enmendar su resolución del 14 de abril de 2000 y exonerar al doctor Pillot Costas de la sanción de mil dólares ($1,000) impuesta. No obstante, mantuvo la sanción en cuanto al abogado de dicha parte, el licenciado Irizarry Irizarry.

El Tribunal de Circuito de Apelaciones acogió el escrito de estipulación transaccional y de desistimiento presentado por la parte apelante, doctor Juan R. Pillot Costas. El 31 de mayo de 2000 emitió resolución, notificada a las partes el 5 de junio de 2000, dando por desistido el recurso de apelación presentado ante sí. No obstante, dejó pendiente el cumplimiento por parte del licenciado Irizarry Irizarry de lo dispuesto con relación a la sanción económica.

Inconforme, el licenciado Irizarry Irizarry acude ante nos el 14 de junio de 2000, mediante recurso de <u>certiorari</u>, señalando como error cometido por el Tribunal de Circuito de Apelaciones lo siguiente:

> ERRO EL HONORABLE (SIC) TRIBUNAL DE CIRCUITO DE APELACIONES EN IMPONER SANCIONES AL ABOGADO QUE AQUÍ SUSCRIBE ANTE EL ALEGADO INCUMPLIMIENTO DE SUS ORDENES, ANTE EL HECHO INCONTROVERTIDO DE QUE LA SOLICITUD BAJO LA REGLA 76 DEL REGLAMENTO FUE DECLARADA CON LUGAR MEDIANTE RESOLUCIÓN DEL HONORABLE (SIC) TRIBUNAL

**APELATIVO DEL 23 DE NOVIEMBRE DE 1999 Y NOTIFICADA EL 3 DE DICIEMBRE DE 1999; Y [EN] AUSENCIA DE UN RECURSO FRÍVOLO Y/O CONDUCTA CONSTITUTIVA DE DEMORA, ABANDONO, OBSTRUCCIÓN O FALTA DE DILIGENCIA EN PERJUICIO DE LA EFICIENTE ADMINISTRACION DE LA JUSTICIA.**

El 11 de agosto de 2000 emitimos una resolución, notificada a las partes el 14 de agosto de 2000, concediéndole a la parte aquí recurrida un término de veinte (20) días para mostrar causa por la cual este Tribunal no debía expedir el auto solicitado y revocar la resolución emitida por el Tribunal de Circuito de Apelaciones, a los efectos de reducir o eliminar la referida sanción económica impuesta al licenciado Anselmo Irizarry Irizarry.

El 18 de agosto de 2000, la parte recurrida presentó "Moción en Cumplimiento de Orden", por virtud de la cual se allanó a que se le redujera o eliminara la sanción de mil dólares ($1,000) impuesta al licenciado Irizarry Irizarry. Adujo que no tenía interés en que se le impusiera tal sanción al referido letrado, por entender que la falta cometida por éste "fue un error de buena fe y sin consecuencias para la resolución del caso, del que de hecho se dispuso por la vía transaccional".

No nos presenta duda alguna sobre la falta de obediencia del licenciado Irizarry Irizarry a las órdenes del Tribunal de Circuito de Apelaciones. Es este último el que pauta el trámite a seguirse para el perfeccionamiento del recurso de apelación ante sí, relativo a los medios de ilustración sobre la prueba oral testifical o pericial ofrecida durante el juicio ante el Tribunal de Primera Instancia.

La práctica apelativa de excelencia a la que aspiramos no permite un estado de anarquía en el trámite de los procesos apelativos ante el Tribunal de Circuito de Apelaciones. Las partes y sus abogados tiene la obligación de obedecer a cabalidad las órdenes de ese Tribunal dirigidas a pautar sobre el perfeccionamiento de los recursos apelativos pendientes ante ese Tribunal.

La parte aquí recurrida se allanó a que se redujera o eliminara la referida sanción, por entender que la falta del referido letrado no tuvo consecuencias. No obstante, tal situación, dentro de las circunstancias

particulares de este caso, constituye un atenuante, pero no un eximente, por el incumplimiento con su obligación y responsabilidad.

Por todo lo antes expuesto, se expide el auto de Certiorari solicitado y se dicta sentencia modificando la resolución recurrida para reducir la sanción impuesta al licenciado Irizarry Irizarry a la suma de doscientos dólares ($200). Así modificada, se confirma.

Lo acordó y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Naveira de Rodón disiente con opinión escrita, a la cual se unen el Juez Presidente señor Andréu García y el Juez Asociado señor Fuster Berlingeri.


Isabel Llompart Zeno
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Rafael Olivencia García,
Gladys Olivencia Torres,
et als

  Recurridos

   v.         CC-2000-545

Hospital Dr. Pila,
Aseguradora Z, Dr. Pillot
et als

  Peticionarios


Opinión disidente emitida por la Juez Asociada señora NAVEIRA DE RODÓN, a la cual se unen el Juez Presidente, señor Andréu García y el Juez Asociado señor Fuster Berlingeri.


San Juan, Puerto Rico a 25 de octubre de 2001


Por entender que la sanción que la mayoría de este Tribunal le impone al Lcdo. Irizarry, abogado de los peticionarios en el caso de autos, es injusta y no tiene fundamento alguno de acuerdo a las circunstancias del caso, disentimos.


I


Este caso comenzó con una demanda en daños y perjuicios por impericia médica contra el Dr. Pillot Costas, el Hospital Dr. Pila y otros.  El tribunal

de instancia dictó sentencia a favor de los demandantes, encontrando a los codemandados incursos en responsabilidad civil por la muerte de la señora Julia Torres Quiñones.

El Dr. Pillot apeló esta sentencia ante el Tribunal de Circuito de Apelaciones (en adelante Tribunal de Circuito), cuestionando principalmente la apreciación de la prueba que hiciera el tribunal sentenciador. A estos efectos, el Dr. Pillot solicitó que, **a tenor con la Regla 76 del Reglamento del Tribunal de Circuito**, 4 L.P.R.A. Ap. XXII-A.[5], se le autorizara regrabar los procedimientos ante el tribunal de instancia **para elevar una transcripción de los testimonios periciales ofrecidos en el juicio.** El Dr. Pillot justificó la necesidad de una transcripción en que la apelación cuestionaba la apreciación de la prueba que hizo el tribunal de instancia, por lo que la transcripción pondría al foro apelativo en igual condición para evaluar la evidencia. Señaló además que, debido al cúmulo de testimonios, le sería difícil preparar una exposición narrativa de la prueba. La parte apelada se opuso a la petición del Dr. Pillot alegando que éste no había expuesto adecuadamente razones que justificaran presentar una transcripción de la prueba en lugar de una exposición narrativa. Mediante resolución de 23 de noviembre de 1999, el Tribunal de Circuito autorizó **la regrabación de testimonios periciales** solicitada por el apelante.

Luego de varios trámites procesales, el 9 de marzo de 2000, el Tribunal de Circuito le concedió al Dr. Pillot un término de treinta (30) días para que presentara el **proyecto de exposición narrativa de los testimonios periciales.** El Dr. Pillot solicitó, el 23 de marzo de 2000, una prórroga para cumplir con orden del tribunal. Señaló que el taquígrafo que había contratado necesitaba un tiempo adicional para completar la transcripción de los testimonios. El Tribunal de Circuito declaró no ha lugar esta solicitud de prórroga, y señaló además que **"este foro no ha autorizado la**

---

[5] Esta regla regula los procedimientos para elevar al Tribunal de Circuito una transcripción de la prueba oral. Específicamente, los incisos (A)3 y 4 de la Regla 76 dispone para la regrabación de los procedimientos ante el tribunal de instancia.

**presentación de una transcripción, sí de una exposición narrativa de la prueba".**[6]

Así las cosas, el 12 de abril de 2000, el Dr. Pillot presentó ante el Tribunal de Circuito la transcripción de los testimonios periciales. Ante esta situación, mediante resolución de 14 de abril de 2000, el foro apelativo se reafirmó en que no recibiría la transcripción de los testimonios, le concedió al apelante un término final de diez (10) días para presentar la exposición narrativa de la prueba, y le impuso al Dr. Pillot y a su abogado, Lcdo. Irizarry, una multa solidaria de mil (1,000) dólares por haber enviado al tribunal la transcripción de los testimonios periciales "en clara e infragante violación a lo ordenado por este Foro". No obstante, el 4 de mayo de 2000, el Tribunal de Circuito modificó su resolución de 14 de abril a los únicos efectos de exonerar al Dr. Pillot de la sanción de mil (1,000) dólares. No obstante, mantuvo vigente la sanción contra el Lcdo. Irizarry. Cabe señalar que ese mismo día, **el apelante presentó la exposición narrativa de los testimonios periciales ordenada por el Tribunal de Circuito.**

Pocos días después, el 25 de mayo de 2000, los demandantes y el Dr. Pillot presentaron al tribunal una "Estipulación transaccional y desistimiento del recurso de apelación". En dicho documento los demandantes hicieron constar que habían llegado a un acuerdo con el Dr. Pillot y su aseguradora, y que éste desistiría con perjuicio de la apelación presentada ante el Tribunal de Circuito. Así las cosas, el 31 de mayo de 2000, el foro apelativo dio por desistido el recurso de apelación, pero indicó que quedaba pendiente el cumplimiento por parte del Lcdo. Irizarry con la sanción de mil (1,000) dólares impuesta por el tribunal apelativo.

Inconforme con esta determinación, el Lcdo. Irizarry recurrió ante nos mediante recurso de certiorari señalando como único error el siguiente:

> Erró el Honorable Tribunal de Circuito de Apelaciones en imponer sanciones al abogado que aquí suscribe ante el alegado incumplimiento de sus órdenes, ante el hecho incontrovertido de que la solicitud bajo la Regla 76 del Reglamento fue declarada con lugar mediante resolución de del honorable tribunal apelativo del 23 de noviembre de

---

[6] Véase Resolución del Tribunal de Circuito de Apelaciones de 30 de marzo de 2000.

1999 y notificada el 3 de diciembre de 1999, y ausencia de un recurso frívolo y/o conducta constitutiva de demora, abandono, obstrucci[ó]n o falta de diligencia en perjuicio de la eficiente administración de la justicia.

El 11 de agosto de 2000 emitimos una orden dirigida a la parte recurrida para que mostrara causa por la cual no debíamos expedir el auto solicitado y revocar la resolución del Tribunal de Circuito, a los efectos de reducir o eliminar la sanción impuesta al Lcdo. Irizarry. La parte recurrida compareció ante nos, e indicó que se allanaba a la petición del Lcdo. Irizarry ya que no tenía interés en que se le impusiera sanción alguna al letrado.

Este Tribunal expidió el recurso de certiorari y modificó la sanción impuesta al Lcdo. Irizarry, reduciéndola a doscientos (200) dólares. Entiende la mayoría que la conducta del Lcdo. Irizarry, al presentar la transcripción de la prueba en lugar de la exposición narrativa de ésta, fue anárquica y constituyó una desobediencia directa a la orden del Tribunal de Circuito, por lo cual procedía una sanción. Consideramos que en las circunstancias de este caso no se justifica mantener sanción alguna contra el Lcdo. Irizarry, por ello disentimos.

II

La Regla 44.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, autoriza a los tribunales a imponer costas y sanciones interlocutorias a las partes. Dicha regla dispone lo siguiente:

> El tribunal podrá imponer costas interlocutorias a las partes, y sanciones económicas en todo caso y en cualquier etapa a una parte y a favor del Estado **por conducta constitutiva de demora, inacción, abandono, obstrucción o falta de diligencia en perjuicio de la eficiente administración de la justicia.** (Énfasis suplido).

Se ha dicho que "El propósito de esta regla es proveerle al tribunal un instrumento adicional para agilizar los procedimientos y de esta manera evitar la demora y la congestión en los tribunales. **A iniciativa propia, éste puede imponer sanciones cuando la conducta de las partes vaya en**

**perjuicio de la administración de la justicia...  No hay duda de que esta sanción es sólo una multa o penalidad".[7]**

Como vemos, esta regla brinda discreción al tribunal para sancionar la conducta de cualquiera de las partes que sea en detrimento de la justicia, dilate los procedimientos, o constituya un franco desafío a las órdenes del tribunal.  No obstante, esta discreción no es, ni puede ser absoluta, sino que la propia regla limita la imposición de sanciones a conducta que constituya demora, inacción, abandono, obstrucción o falta de diligencia de la parte contra la cual se impone la sanción.

En este caso, no creemos que estén presentes los criterios que establece la Regla 44.2 para imponer sanciones a una parte o su abogado.  Al analizar los hechos, nos percatamos de que la petición original del Dr. Pillot para regrabar los testimonios periciales fue hecha con el propósito de preparar una transcripción de éstos.  Es por ello que en la misma moción se indica que la petición se hacía al amparo de la Regla 76 del Reglamento del Tribunal de Circuito.  Por su parte, el Tribunal de Circuito declaró **con lugar** dicha moción, y autorizó la grabación de los testimonios.  No fue hasta una resolución posterior que el Tribunal de Circuito ordenó al apelante hacer una exposición narrativa de la prueba, cuando ya éste había incurrido en todos los trámites y posiblemente, los costos de la grabación de los testimonios, quizás bajo la creencia de que se le permitiría elevar la transcripción de la prueba oral.

Ante estas circunstancias, es nuestro criterio que la conducta del apelante y su abogado no constituyó la actitud anárquica que indica la mayoría.[8]  Mucho menos tomando en consideración el hecho de que el apelante

---

[7]     José A. Cuevas Segarra, <u>Tratado de Derecho Procesal Civil</u>, San Juan, PR. Ed. 2000.  Pág. 739-740.  Véase además, <u>Lluch</u> v. <u>España Service Sta.</u> 117 D.P.R. 729, 748 (1986).

[8]     Es ilustrativo que en el caso de <u>Lluch</u> v. <u>España Serice Sta.</u>, <u>supra</u>, el tribunal de instancia impuso sanciones uno de los codemandantes por no haber contestado unos interrogatorios.  No obstante, la parte que incurrió en incumplimiento al no contestar el interrogatorio fue la sucesión del codemandante original, que entró al pleito a través de la figura de la sustitución de la Regla 22.1 de Procedimiento Civil.  Al revocar la sanción de doscientos (200) dólares impuesta a la sucesión por no contestar el interrogatorio, tomamos en consideración **"la forma confusa en que procesalmente se desarrolló todo el incidente relacionado con el**

cumplió con la orden del tribunal y presentó la exposición narrativa de la prueba luego que el Tribunal de Circuito indicó que no iba a aceptar la transcripción de los testimonios. Por lo tanto, entendemos que cualquier conducta que pudiese considerarse un desafío al Tribunal de Circuito quedó subsanada por el cumplimiento del apelante con la orden del tribunal.[9]

Por otra parte, la presentación de la transcripción de los testimonios no causó ningún perjuicio a los demandantes-apelados, y el Tribunal de Circuito ni siquiera se vio en la obligación de evaluar la misma. Como ya indicáramos, el caso fue transigido por las partes fuera del tribunal, por lo que nunca se consideró el recurso en los méritos. En estas circunstancias no hay razón alguna por la cual el tribunal deba mantener la sanción contra el abogado

Las sanciones económicas tienen el propósito principal de compeler a las partes en el pleito a cumplir con las órdenes del tribunal, evitando así el desafío a la autoridad judicial. Así, cuando la parte sancionada cumple con la orden del tribunal, o cuando el pleito es desistido por acuerdo de las partes, el tribunal no debe mantener las sanciones económicas que haya impuesto, excepto en situaciones extremas, donde la conducta de la parte sancionada haya constituido una ofensa patente a la dignidad del tribunal.

Creemos además que no procede que el Tribunal de Circuito le imponga sanciones al Lcdo. Irizarry por éste haber elevado la transcripción de los testimonios periciales en lugar de presentar una exposición narrativa. La Regla 67 del Reglamento de Tribunal de Circuito de Apelaciones, supra, le confiere a ese foro facultad para determinar cuándo procede una transcripción de la evidencia o exposición narrativa de la prueba. No obstante, este Tribunal ha tomado en consideración, al revisar una negativa

---

**interrogatorio y su falta de contestación"**. Lluch v. España Serice Sta., supra, pág. 751.

[9] Este Tribunal ha sostenido sanciones bajo la Regla 44.2 cuando un abogado **incumple** alguno de los deberes relacionados a sus funciones. Así, en Ortolaza v. F.S.E., 116 D.P.R. 700 (1985), le impusimos al abogado de la parte demandante una sanción de cien (100) dólares bajo la Regla 44.2, por no haber cumplido con su deber de informar al tribunal su cambio de dirección, lo que provocó que no recibiera una orden del tribunal, situación

del Tribunal de Circuito de aceptar una transcripción de evidencia, si la solicitud y la confección de la transcripción causó o no perjuicio a las otras partes en el pleito. Si efectivamente no se causa perjuicio, hemos estimado que el Tribunal de Circuito debe ser más flexible y permitir la presentación de la transcripción de la prueba oral.[10]

Asimismo, este Tribunal, como cuestión de práctica, ha aceptado la presentación de la transcripción de la prueba oral en sustitución de una exposición narrativa o estipulada de la prueba, ya que en la mayor parte de las ocasiones, la transcripción pone al tribunal en mejor posición para evaluar la prueba presentada y los argumentos de las partes. Inclusive, aún teniendo el beneficio de la exposición narrativa, en ocasiones hemos ordenado la transcripción de la prueba o de algún testimonio, ya que esto nos permite el análisis detallado y global del testimonio hasta donde es posible desde este estrado apelativo y someterlo a un riguroso escrutinio. Véase Pueblo v. Mattei Torres, 121 D.P.R. 600, 604, nota 3 (1988).

Por todas estas razones, consideramos que la sanción contra el Lcdo. Irizarry no debe prevalecer. En consecuencia, revocaríamos la resolución del Tribunal de Circuito de Apelaciones y relevaríamos al letrado de la sanción.


Miriam Naveira de Rodón
Juez Asociada

---

que desembocó en que el tribunal de instancia archivara el caso con perjuicio.
[10] Véase Prog. Salud N. v. Prog. Salud S. Lucas, 142 D.P.R. 270 (1997) En este caso determinamos que por no haberse causado perjuicio a ninguna de las partes involucradas, el Tribunal de Circuito debió permitir la transcripción de la prueba, aun cuando el procedimiento seguido por el promovente no se ajustaba a exactamente a las disposiciones de la Regla 67. No obstante, en este caso también tomamos en consideración el hecho de que el Reglamento del Tribunal de Circuito había entrado en vigor apenas unos meses antes, lo cual alegadamente causó cierta confusión a las partes.