Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| YARITZA DEL CARMEN MILLÁN PÉREZ | | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan |
|---|---|---|
| Recurrida | | |
| | KLCE202400331 | Caso Núm.: SJ2023RF00812 (Salón 701) |
| EX PARTE | | |
| | | Sobre: Tutor-Nombramiento, Aceptación, Renuncia, Remoción o Relevo |
| LCDO. JOSÉ A. RIVERA GARCÍA | | |
| Peticionario | | |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Candelaria Rosa, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 23 de abril de 2024.

Comparece el Lcdo. José A. Rivera García (Lcdo. Rivera García o peticionario) vía *certiorari* y nos solicita revocar la *Resolución* del Tribunal de Primera Instancia, Sala Superior de San Juan, emitida el 15 de diciembre de 2023. Mediante dicho dictamen, el foro recurrido le impuso al peticionario una sanción de $250.00 por solicitar la suspensión de una vista tardíamente y no estar preparado con la documentación requerida para dicha vista. Por los fundamentos que expresamos a continuación, expedimos el auto solicitado y confirmamos la *Resolución* recurrida.

En síntesis, el caso de epígrafe trata de una petición de declaración de incapacidad y de nombramiento de tutora. La señora Yaritza del Carmen Millán Pérez (señora Millán Pérez), peticionaria de la referida declaración y nombramiento, acudió ante el Lcdo. Rivera

Número Identificador

RES2024 _____

García, empleado de Servicios Legales de Puerto Rico, Inc., (SLPR) cuyos fondos son administrados por Legal Service Corporation (LSC). El Lcdo. Rivera García comenzó a representar a la señora Millán Pérez el 27 de mayo de 2022, asistiéndola legalmente de manera gratuita.

Según alega el peticionario, después de ser informados el 23 de marzo de 2023 que la señora Millán Pérez tenía $56,196.61 en una cuenta bancaria, SLPR determinó el 27 de abril de 2023 que tal cuenta no afectaba la elegibilidad de la señora Millán Pérez para recibir servicios legales gratuitos. Posteriormente, se presentó la *Petición* de la señora Millán Pérez el 30 de mayo de 2023, que el Tribunal de Primera Instancia acogió. Luego, el 7 de julio de 2023, el foro primario señaló la *Vista sobre Declaración Judicial y Nombramiento de Tutor* para el 28 de septiembre de 2023, para cual el Lcdo. Rivera García debía tener toda la documentación necesaria según requerido por el Ministerio Público. No obstante, el Lcdo. Rivera García alega que, para el 1 de agosto de 2023, la señora Millán Pérez le informó que había comenzado un nuevo empleo, cuya verificación supuestamente envió el 30 de agosto de 2023 mediante correo electrónico y el peticionario leyó el 11 de septiembre de 2023.

Según el Lcdo. Rivera García, no fue hasta el 21 de septiembre de 2023 que el Lcdo. Adalberto Núñez López, Director del Centro Metropolitano de SLPR, informó a la Directora Ejecutiva de SLPR sobre la situación. Teniendo que esperar por la determinación final de SLPR, pero sabiendo que la señora Millán Pérez era inelegible para recibir sus servicios gratuitos, el Lcdo. Rivera García esperó hasta el 26 de septiembre de 2023 para presentar una *Urgente Moción de Transferencia de Vista*. Al día siguiente, el foro primario resolvió sin

lugar la moción por esta haberse presentado tardíamente, e igualmente hizo para la posterior solicitud de reconsideración. Incluso, en la vista del 28 de septiembre de 2023, el foro de primera instancia indicó que el Lcdo. Rivera García no ha actualizado los documentos que ya están vencidos y no ha realizado un informe socioeconómico del supuesto incapacitado, según le fue requerido por el Ministerio Público. Ese mismo día, SLPR determinó que la señora Millán Pérez es inelegible para continuar recibiendo sus servicios gratuitos.

Luego de informarle a la señora Millán Pérez sobre la situación, el Lcdo. Rivera García presentó *Moción de Relevo de Representación Legal* el 11 de octubre de 2023, la cual el foro primario autorizó el 7 de diciembre de 2023 junto a una *Orden* para que SLPR mostrara causa por la cual no debe imponérsele una sanción económica por el manejo del asunto. El 14 de diciembre de 2023, SLPR presentó un escrito en comparecencia de la referida *Orden*, culpando al Lcdo. Rivera García por cualquier conducta constitutiva de demora, inacción, abandono, obstrucción, falta de diligencia e irracionabilidad en el manejo y tramite del caso. Al día siguiente, el Tribunal de Primera Instancia dio por cumplida la orden por SLPR e impuso una sanción al Lcdo. Rivera García de $250.00, a la vez que declaró sin lugar la solicitud de reconsideración del peticionario.

Insatisfecho, el Lcdo. Rivera García recurre ante foro apelativo, para alegar que el Tribunal de Primera Instancia erró al imponerle una sanción económica de $250.00 por falta de jurisdicción, abusar su discreción y no considerar que la reglamentación del LSC prohíbe la continua representación de la señora Milán Pérez.

Vale recordar que el auto de *certiorari* es el vehículo procesal, discrecional y extraordinario mediante el cual un tribunal de mayor jerarquía puede rectificar errores jurídicos. Regla 52.1 de Procedimiento Civil de 2009 (32 LPRA Ap. V); Regla 40 del Tribunal de Apelaciones (4 LPRA Ap. XXII-B). Véase, también, *Caribbean Orthopedics Products of PR, LLC v. Medshape, Inc. et al.*, 207 DPR 994 (2021) (citando Art. 670 del Código de Enjuiciamiento Civil de 1933 (32 LPRA sec. 3491); *Municipio Autónomo de Caguas v. JRO Construction*, 201 DPR 703, 710 (2019)). Conforme a la referida Regla 52.1, los criterios que permiten la expedición de un *certiorari* consisten en revisar una orden de carácter dispositivo o resolución según las Reglas 56 y 57 de *Procedimiento Civil*. Regla 52.1 de Procedimiento Civil, *supra*. Por lo tanto, la función del Tribunal Apelativo frente a la revisión de controversias a través del *certiorari* requiere valorar la actuación del foro primario y predicar su intervención en si la misma constituyó un abuso de discreción; en ausencia de evidencia suficiente de tal abuso o de acción prejuiciada, error o parcialidad, no corresponde intervenir con las determinaciones del Tribunal de Primera Instancia. Véase, también, *Fernández Martínez et al. v. RAD-MAN San Juan III-D, LLC et al.*, 208 DPR 310 (2021) (citando a *SGL Torres Matundan v. Centro de Patología Avanzada*, 193 DPR 920, 933 (2015); *Dávila Nieves v. Meléndez Marín*, 187 DPR 750 (2013); *Ramos Milano v. Wal-Mart*, 168 DPR 112, 121 (2006); *Rivera et al. v. Banco Popular*, 152 DPR 140, 155 (2000); *Meléndez Vega v. Caribbean International News*, 151 DPR 649, 664 (2000)).

Ahora bien, nuestro ordenamiento jurídico ha dejado claro que los tribunales tienen la autoridad, flexibilidad y discreción para imponer

sanciones, siempre y cuando utilice el criterio de razonabilidad, atendiendo las circunstancias del momento. *Pagán Rodríguez v. Rivera Schatz*, 206 DPR 277 (2021) (citando a Regla 9.1 de Procedimiento Civil, *supra*; R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6.ª ed., San Juan, Ed. LexisNexis, 2017, pág. 206). Tal discreción no debe ser absoluta, limitándose solo a la conducta que constituya demora, inacción, abandono, obstrucción o falta de diligencia de la parte contra la cual se impone la sanción. *Olivencia García et al. v. Hospital Dr. Pila et al.,* 155 DPR 421 (2001) (citando a Regla 44.2 de Procedimiento Civil de 1979 (32 LPRA ant. Ap. III). De manera similar, el Tribunal puede sancionar a un abogado por comparecer a cualquier vista, conferencia o procedimiento sin estar debidamente preparado, por efecto obstruyendo la sana administración de la justicia. Regla 9.3 de Procedimiento Civil, *supra*. No obstante, un abogado puede ser sancionado aunque ya haya sido relevado de la representación legal de su cliente. *Importaciones Vilca, Inc. v. Hogares Crea, Inc.,* 118 DPR 679 (1987) (citando a Regla 44.2 de Procedimiento Civil de 1979, *supra*; *Lluch* v. *España Service Sta.*, 117 DPR 729 (1986)).

Por otro lado, el *Code of Federal Regulations* dispone que un recipiente de fondos del LSC no podrá representar o continuar representando a un cliente que no sea económicamente elegible. Parte 1611 del Code of Federal Regulations (45 CFR sec. 1611). Incluso, la discreción para descalificar a un cliente por inelegibilidad económica está situado solamente en el personal de supervisión del SLPR y debe estar sujeto a revisión por la respectiva junta normativa; es decir, la evaluación de las cualificaciones del cliente le compete exclusivamente

a SLPR. *Servicios Legales de PR, Inc. v. Hon. López Ortiz*, 211 DPR 393 (2023); *Feliciano Irigoyen v. Tribunal Superior*, 99 DPR 504 (1970).

A base de lo anterior, conviene destacar que el Canon 20 del *Código de Ética Profesional* ha dejado claro que un abogado no puede ni debe renunciar la representación profesional de su cliente sin obtener primero el permiso del tribunal. Canon 20 del Código de Ética Profesional, 4 LPRA Ap. IX. Mientras que el abogado no sea formalmente relevado de sus funciones, éste tiene el deber de continuar llevando a cabo su gestión profesional de forma competente y diligente. *Simons v. Leaf Petroleum Corp.*, 209 DPR 216 (2022) (citando a *In re Hernández Rosario*, 170 DPR 103 (2007); *In re Franco Rivera*, 169 DPR 237 (2006); *Lluch* v. *España Service Sta.*, *supra*).

Igual de pertinente, nuestro ordenamiento ha dispuesto que toda moción de suspensión o de transferencia de vista antes del juicio se hará por escrito y expondrá los fundamentos para tal solicitud. Regla 8.3 de Procedimiento Civil, *supra*. No obstante, de mediar circunstancias extraordinarias imprevisibles y fuera del control de las partes o de sus representantes legales, deberá solicitarse la suspensión en un término razonable o de forma verbal en el día de la vista. Íd.; Regla 17 de Administración del Tribunal de Primera Instancia (4 LPRA Ap. II-B).

De conformidad con los hechos del presente caso, este Tribunal no advierte que el foro primario haya excedido su discreción o cometido un error en derecho. Era responsabilidad del Lcdo. Rivera García notificar al Tribunal de Primera Instancia sobre la elegibilidad económica de la señora Millán Pérez, una circunstancia que podía verificar desde el 30 de agosto de 2023; incluso, esta es una

controversia cuya posibilidad era predecible desde que fue informado de la cuenta bancaria de la señora Millán Pérez en marzo de 2023. En otras palabras, el Lcdo. Rivera García no tenía que esperar hasta el 26 de septiembre de 2023 para solicitar una suspensión de vista, menos cuando la controversia no era uno extraordinaria o imprevisible. Más aun, el peticionario tenía el deber de estar preparado para la vista del 28 de septiembre de 2023, ya que no puede cesar su representación de su clienta sin primero recibir la autorización del foro primario. A esos efectos, este Tribunal considera innecesario su intervención en las determinaciones tomadas por el foro recurrido.

Por los fundamentos expresados, expedimos el auto solicitado y confirmamos la *Resolución* recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones