<table>
<tr><td colspan="3" align="center">Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL XII</td></tr>
<tr>
<td>KULT PROPERTIES LLC Y OTROS<br><br>Demandante Recurrida<br><br>v.<br><br>MULTINATIONAL INSURANCE COMPANY<br><br>Demandada Peticionaria</td>
<td>KLAN202500136</td>
<td>Apelación (acogida como *certiorari*) procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Caso Núm.:<br>FA2018CV00693<br>Salón: 301<br><br>Sobre:<br>Incumplimiento Aseguradoras Huracanes Irma/María</td>
</tr>
</table>

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa y la Jueza Díaz Rivera.

Candelaria Rosa, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 17 de marzo de 2025.

Comparece Multinational Insurance Company, Inc. (Multinational o peticionaria) y solicita que revoquemos la *Orden* del Tribunal de Primera Instancia, Sala Superior de Fajardo, emitida el 7 de enero de 2025. En dicho dictamen, se impuso una sanción de diez mil ($10,000.00) dólares, mil ($1,000.00) contra la peticionaria en concepto de honorarios de abogado y se concedió un término final improrrogable y concurrente para acreditar haber satisfecho la cuantía total de la *Sentencia* del 21 de octubre de 2024, más intereses por mora. Toda vez que Multinational recurre de una *Orden*, acogemos el recurso presentado por este como una solicitud de *certiorari*, aunque conservando su identificación alfanumérica, expedimos el auto solicitado a fin de modificar la determinación del foro recurrido y con tales modificaciones confirmarlo.

En síntesis, el caso de epígrafe trata de una demanda por incumplimiento contractual y daños y perjuicios. Según el expediente, Kult Properties, LLC, el señor Stephen Kult, la señora Nicole Kult y la Sociedad Legal de Gananciales (conjuntamente, "recurridos") efectuaron un contrato con Multinational sobre seguro sobre una propiedad sita en Calle Flamboyán, Vieques. Luego de la propiedad sufrir serios daños por el paso del Huracán María, los recurridos se contactaron con Multinational para informarles sobre lo ocasionado. Ante la alegada dejadez e incumplimiento de la peticionaria, los recurridos radicaron un procedimiento administrativo ante la Comisión de Seguros, en la cual no pudieron llegar a un acuerdo razonable.

Por todo lo anterior, el 17 de septiembre de 2018, los recurridos presentaron una demanda por incumplimiento contractual y daños y perjuicios contra Multinational. No obstante, luego de varios trámites procesales y los recurridos incumplir con dos (2) órdenes del foro primario en la cuales se les requirió informar su representación legal nueva dentro de veinte (20) días, el Tribunal de Primera Instancia desestimó y archivó el caso. Luego de los recurridos cumplir con las órdenes y la peticionaria expresar su interés en llegar a un acuerdo transaccional con los recurridos, el foro primario dejó sin efecto la desestimación y ordenó la continuación de los procedimientos.

Después de varias conversaciones que fallaron en llegar a un acuerdo transaccional, eventualmente y con la intervención del foro primario, las partes lograron transar por la cantidad de trecientos cuarenta mil seiscientos treinta y cuatro ($340,634.00) dólares. A esos efectos, dicho foro emitió, el 21 de octubre de 2024 con notificación de 22 de octubre de 2024, una *Sentencia* en función de la cual se indicó

que las partes alcanzaron un acuerdo que puso fin a las controversias entre ellos de manera completa y final, por lo cual los recurridos desistieron con perjuicio. Asimismo, dicha *Sentencia* expresó que no se impondrían costas, gastos ni honorarios de abogado y, eventualmente, advino final y firme el 21 de noviembre de 2024, sin que se presentara alguna reconsideración.

Sin embargo, el 10 de diciembre de 2024, los recurridos solicitaron que el foro primario ordenara el pago acordado dentro de diez (10) días, cual debería incluir intereses por mora, so pena de que se dejara sin efecto el acuerdo y la *Sentencia* dictada y se procediera a señalar el juicio en su fondo. Ante la emisión de dicha *Orden*, el 11 de diciembre de 2024 Multinational se comunicó con los recurridos vía correo electrónico y presentó una *Moción Informativa y de Reconsideración* para expresar sus disculpas por cometer un error clerical, ya que, según la peticionaria, accidentalmente no envió a los recurridos un correo electrónico que contenía un borrador de dos documentos titulados *Acuerdo Privado de Transacción y Relevo General* y *Desglose de Transacción*. Además, la peticionaria señaló que los recurridos debieron haber informado a la peticionaria sobre la situación, aduciendo que el abogado de los recurridos conocía que los referidos documentos son de estricto cumplimiento y que deben ser firmados y completados por sus representados. A esos efectos, Multinational solicitó reconsideración de la sanción del pago por mora impuesta.

Luego de los recurridos responder a dicha moción y solicitud, el 18 de diciembre de 2024, el foro de primera instancia emitió una *Orden* en la cual expresó que Multinational no proveyó justa causa para la

dilación, más ordenó que se acreditara el cumplimiento del acuerdo, así como el pago de los intereses postsentencia, conforme a la tasa vigente del nueve punto cinco (9.5%) porciento, desde el 22 de octubre de 2024 hasta la fecha que se emita el pago. Además, concedió diez (10) días para emitir dicho pago, so pena de severas sanciones económicas a favor de los recurridos. Ante la falta de respuesta a esta *Orden*, el 7 de enero de 2025, dicho Tribunal impuso una sanción de diez mil ($10,000.00) dólares y mil ($1,000.00) dólares contra Multinational en concepto de honorarios de abogado, a ser satisfecha en quince (15) días. Además, concedió el término final, improrrogable y concurrente de veinte (20) días para acreditar haber satisfecho la cuantía total de la *Sentencia*, más intereses por mora al nueve punto cincuenta (9.50%) porciento bajo apercibimiento expreso de desacato.

Por esta última *Orden*, el 15 de enero de 2025, Multinational solicitó reconsideración y explicó que (1) lo acontecido fue por error excusable, humano y sumamente subsanable; (2) la sanción y los honorarios de abogado eran sumamente excesivas y onerosas; y (3) no procede los intereses por mora. Luego de los recurridos comunicarse con la peticionaria mediante correo electrónico, Multinational presentar una moción suplementaria y los recurridos solicitar la ejecución de la *Sentencia*, entre otros trámites procesales, el foro primario emitió una *Orden* el 17 de enero de 2025 y le concedió a la peticionaria diez (10) días para acreditar el pago, más intereses por mora so pena de denegar la reconsideración.

A consecuencia de lo anterior, el 27 de enero de 2025, Multinational consignó un cheque de trescientos cuarenta mil seiscientos treinta y cuatro ($340,634.00) dólares ante el Secretario del

Tribunal de Primera Instancia y a favor de Kult Properties, LLC. Asimismo, la peticionaria solicitó que el foro primario aclarara si los pagos de intereses son por mora o aquellos estatutarios de postsentencia. En oposición, los recurridos informaron al foro primario que la peticionaria no cumplió con las disposiciones estatutarias o jurisprudenciales para validar una consignación, es decir, (1) la peticionaria no notificó a los recurridos sobre la consignación ni les ofreció el pago de la cantidad adeudada; (2) no se produjo una negativa injustificada por parte de los recurridos a recibir el pago; (3) el monto consignado no se ajusta estrictamente a la cuantía adeudada, ya que no incluye los intereses postsentencia acumulados. De acuerdo con los recurridos, el foro primario resolvió que la *Sentencia* permanece insatisfecha, más aclaró, en una *Resolución Interlocutoria* separada, que los intereses son de postsentencia al amparo de la Regla 44.3(a) de Procedimiento Civil de 2009 (32 LPRA Ap. V). Igualmente, el foro primario resolvió sin lugar a la solicitud de reconsideración del 15 de enero de 2025.

Insatisfecha, la peticionaria recurre ante este Tribunal y alega que el Tribunal de Primera Instancia erró al (1) declarar sin lugar a la solicitud de reconsideración; (2) imponer intereses por mora; (3) usar de manera intercambiable los términos "intereses por mora" e "intereses post-sentencia"; (4) imponer una sanción tan severa y onerosa de diez mil ($10,000.00) dólares; (5) imponer mil ($1,000.00) dólares por concepto de honorarios de abogado; y (6) determinar que la peticionaria no había realizado el pago cuando dicha parte había consignado los fondos.

En oposición, los recurridos argumentan que (1) se debe desestimar el recurso por presentarse como una apelación; (2) de acogerse el recurso como un *certiorari*, se debe denegar su expedición por la peticionaria desplegar un patrón continuo de dilación, desobediencia, fabricación de excusas inconsistentes y traslado de responsabilidad a la parte recurrida; (3) la peticionaria trata de condicionar su obligación de pago; (4) la peticionaria consignó defectuosamente un pago incompleto; (5) los intereses postsentencia son una obligación clara e innegable; y (6) el foro primario actuó dentro de su amplia discreción al imponer las sanciones y reiterar la obligación de cumplimiento.

Vale recordar que el auto de *certiorari* es el vehículo procesal, discrecional y extraordinario mediante el cual un tribunal de mayor jerarquía puede rectificar errores jurídicos. *BPPR v. Gómez Alayón et al.*, 213 DPR 314 (2023) (citando a *IG Builders et al. v. BBVAPR*, 184 DPR 307 (2012)); Regla 40 del Tribunal de Apelaciones (4 LPRA Ap. XXII-B). Véase, también, *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994 (2021) (citando Art. 670 del Código de Enjuiciamiento Civil de 1933 (32 LPRA sec. 3491); *Mun. Caguas v. JRO Construction, Inc.*, 201 DPR 703 (2019)). Conforme a la referida Regla 52.1, los criterios que permiten la expedición de un *certiorari* consisten en revisar una orden de carácter dispositivo o resolución según las Reglas 56 y 57 de *Procedimiento Civil*. Regla 52.1 de Procedimiento Civil, *supra*. Por lo tanto, la función del Tribunal Apelativo frente a la revisión de controversias a través del *certiorari* requiere valorar la actuación del foro primario y predicar su intervención en si la misma constituyó un abuso de discreción; en ausencia de evidencia suficiente

de tal abuso o de acción prejuiciada, error o parcialidad, no corresponde intervenir con las determinaciones del Tribunal de Primera Instancia. Véase, también, *SLG Fernández-Bernal v. RAD-MAN et al.*, 208 DPR 310 (2021) (citando a *SLG Torres-Matundan v. Centro Patología*, 193 DPR 920 (2015); *Dávila Nieves v. Meléndez Marín*, 187 DPR 750 (2013); *Rivera y otros v. Bco. Popular*, 152 DPR 140 (2000); *Meléndez v. Caribbean Int'l News*, 151 DPR 649 (2000)).

Ahora bien, la transacción es un contrato mediante el cual las partes dan, prometen o retienen cada una alguna cosa—es decir, mediante concesiones recíprocas—para evitar un pleito o poner fin a un litigio o a su incertidumbre sobre una relación jurídica. *Negrón Vélez v. ACT*, 196 DPR 489 (2016) (citando al Art. 1709 del Código Civil de 1930, 31 LPRA ant. sec. 4821).[1] Dicha transacción producirá los efectos de la cosa juzgada, pero no procederá la vía de apremio sino tratándose del cumplimiento de la transacción judicial. Art. 1715 del Código Civil de 1930, 31 LPRA ant. sec. 4827.

A la luz de lo anterior, si el acreedor de una transacción a quien se hiciere el ofrecimiento de pago se negare sin razón a admitirlo, el deudor quedará libre de responsabilidad mediante la consignación de la cosa debida. Íd., ant. sec. 3180. No obstante, para liberar al deudor, la consignación deberá ser previamente anunciada a las personas interesadas en el cumplimiento de la obligación, pero será ineficaz si no se ajusta estrictamente a las disposiciones que regulan el pago. Íd., ant. sec. 3181. De hacerse la consignación, el deudor podrá pedir al foro primario que mande cancelar la obligación o el acreedor podrá autorizar

---

[1] Por la demanda del presente caso presentarse antes de la vigencia del Código Civil de 2020, se utilizará el Código Civil de 1930 para fundamentar nuestros argumentos.

al deudor para retirarla, por lo cual perderá toda preferencia que tuviera sobre la cosa. Íd., ant. secs. 1134, 1135. Véase, también, *ASR v. Ex Parte Proc. Rel. Fam.*, 196 DPR 944 (2016).

Por otro lado, nuestro ordenamiento jurídico ha dejado claro que los tribunales tienen la autoridad, flexibilidad y discreción para imponer sanciones, siempre y cuando utilice el criterio de razonabilidad, atendiendo las circunstancias del momento. *Pagán Rodríguez v. Rivera Schatz*, 206 DPR 277 (2021) (citando a Regla 9.1 de Procedimiento Civil, *supra*; R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6.ª ed., San Juan, Ed. LexisNexis, 2017, pág. 206). Tal discreción no debe ser absoluta, limitándose solo a la conducta que constituya demora, inacción, abandono, obstrucción o falta de diligencia de la parte contra la cual se impone la sanción. *Olivencia García et al. v. Hospital Dr. Pila et al.,* 155 DPR 421 (2001) (citando a Regla 44.2 de Procedimiento Civil de 1979 (32 LPRA ant. Ap. III). A su vez, la jurisprudencia interpretativa ha resuelto que cuando un litigante posterga inmeritoriamente el pleito, provoca que la parte contraria efectúe trámites evitables, o hace necesario un pleito que se pudo evitar, éste obra con temeridad y, en vista de ello, procedería la sanción de honorarios de abogado. Regla 44.1(d) de Procedimiento Civil, *supra*; *Rivera v. Tiendas Pitusa, Inc.,* 148 DPR 695 (1999).

Por último, los intereses por mora son la indemnización independiente de daños y perjuicios, impuesta como penalidad por la demora en el pago, por lo cual no constituyen parte integrante e inherentemente inseparable de la obligación principal. *Consejo de Titulares del Condominio Playa Azul II v. MPAFRE PRAICO*, 2024 TSPR 140 (citando a *Rivera v. Crescioni*, 77 DPR 47 (1954)). En

particular, de la parte deudora incurrir en mora, la indemnización de daños y perjuicios, no habiendo pacto en contrario, consistirá en el pago de los intereses convenidos, y a falta de convenio, en el interés legal. Art. 1061 del Código Civil de 1930, 31 LPRA ant. sec. 3025. A esos efectos, cuando una parte incurre en mora, el foro primario podrá conceder intereses aun cuando estos no hayan sido solicitados en la demanda original del caso, siempre y cuando dicho interés moratorio aparezca expresamente en la sentencia para ser recobrado. *Consejo de Titulares del Condominio Playa Azul II v. MPAFRE PRAICO*, *supra* (citando a *Fuentes v. Hull Dobbs Co. of PR*, 88 DPR 562 (1963)). Véase, también, Regla 44.3 de Procedimiento Civil, *supra*. De omitirse incluir el interés moratorio en la sentencia, la parte con derecho a la indemnización tiene que recurrir de la omisión antes de que el dictamen se torne final y firme, ya que, de no recurrir de manera oportuna, se entenderá que la parte renunció a su derecho de cobrar estos intereses. Íd. (citando a *Rivera v. Crescioni*, *supra*).

Contrario a lo anterior, el interés legal, en su vertiente de interés postsentencia, pretende evitar la demora irrazonable en el cumplimiento de las obligaciones declaradas judicialmente por sentencia y estimular su pago en el menor tiempo posible. *González Ramos v. Pacheco Romero*, 209 DPR 138 (2022). Siendo el derecho a recobrar el interés postsentencia uno estatutario, esta formará parte de la sentencia aunque no se mencione expresamente en el dictamen, más estará disponible para toda parte victoriosa, sin distinción de clase alguna o con independencia de si la parte contraria actuó o no con temeridad. Íd. Igualmente, el interés legal será aquel que fije la Oficina del Comisionado de Instituciones Financieras, disponiéndose que los

intereses se computarán de forma simple y no compuesta. Íd. Claro, se incluirán intereses al tipo que fije por reglamento la Junta Financiera de la Oficina del Comisionado de Instituciones Financieras, y que esté en vigor al momento de dictarse la sentencia de dinero. Regla 44.3 de Procedimiento Civil, *supra*. Se computará sobre la cuantía de la sentencia que ordena el pago desde la fecha en que se dictó y hasta que ésta sea satisfecha, incluso las costas y los honorarios de abogado. Íd.

En el presente caso, no advertimos que el Tribunal de Primera Instancia haya errado o abusado de su discreción al sancionar a la peticionaria, si no mas bien tal sanción encuentra sustento en el expediente. Del expediente se desprende que, aunque los recurridos acudieron al foro primario por la falta del pago acordado antes de comunicarse con Multinational, la peticionaria también omitió contactar a los recurridos cuando estos—según su lógica—tardaban en responder al correo electrónico que pensó haber enviado. Asimismo, la peticionaria tenía la responsabilidad de verificar que había enviado todos los documentos pertinentes a la transacción oportunamente, al igual que debía consignar su pago según disponen nuestros estatutos.

Por último, nuestro ordenamiento dispone la validez de la imposición judicial de intereses postsentencia, cuya correspondencia, y no la de mora, autorizó el foro primario en el presente caso. Por tanto, al amparo de la discreción que nuestro ordenamiento concede al foro primario y al derecho que le concede a los recurridos a recibir intereses postsentencia, no vemos razón por la cual debamos intervenir en las sanciones, los honorarios de abogado o los referidos intereses legales —bien entendidos— según impuesto contra la peticionaria.

Por los fundamentos expresados, expedimos el auto de *certiorari* solicitado y, con las modificaciones de razonamiento que surgen de la Sentencia, confirmamos la determinación apelada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones