ANÍBAL FELICIANO IRIGOYEN y ZENAIDA PASCUAL MARTÍNEZ, peticionarios, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE PONCE, HON. ANTONIO J. MATTA, JUEZ, demandado.

*Número:* O-70-27      *Resuelto:* 22 de diciembre de 1970

*José Hamid Rivera* y *Frances Díaz Medina,* abogados de los
peticionarios.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del
Tribunal.

El peticionario Aníbal Feliciano Irigoyen, representado
por abogados de la Corporación de Servicios Legales de
Puerto Rico, instó ante el Tribunal Superior, Sala de Ponce,
un expediente sobre información de dominio de un solar sito
en el pueblo de Guayanilla, valorado en $2,308.00.

Dicho tribunal dictó una resolución negándose a ver el
caso en su fondo, por entender que el peticionario puede
pagar los servicios de un abogado privado y porque de per-
mitirse que los abogados de la Corporación de Servicios Le-
gales le representen estaría permitiendo una competencia
desleal con los abogados en la práctica privada de la pro-
fesión.

No conformes con dicha resolución los peticionarios re-
currieron para ante este Tribunal alegando que es errónea
porque la misma constituye una interferencia indebida con
el funcionamiento de la Corporación de Servicios Legales de
Puerto Rico; porque el tribunal recurrido no es el foro com-
petente para plantear y dilucidar la alegada competencia
desleal y porque se ha privado al recurrente de su derecho

constitucional a tener su día en corte con la debida asistencia de abogado.

La Corporación de Servicios Legales de Puerto Rico fue creada y opera bajo la Ley de Oportunidades Económicas aprobada en 1964 por el Congreso de los Estados Unidos. El objetivo primordial de este programa nacional es proveer servicios legales a las personas indigentes, o sea, de escasos recursos económicos.

Originalmente la Ley de Oportunidades Económicas no contenía referencia alguna en cuanto al programa de servicios legales. Fue mediante una enmienda de 1966[1] cuando específicamente se autorizó a prestar ayuda económica a programas de servicios legales. En dicha enmienda específicamente se requirió el establecimiento de procedimientos mediante los cuales las asociaciones locales de abogados del área donde se iba a implantar el programa tuvieran oportunidad de revisar el programa propuesto y someter sus comentarios y recomendaciones antes de establecerse y una vez ya establecido sometieran sus recomendaciones sobre su funcionamiento.

A tenor con dicha ley la Oficina de Oportunidades Económicas ha establecido guías administrativas para dirigir la aplicación del programa. Las normas en cuanto a la elegibilidad de clientes se han expuesto en la forma siguiente:

"Clientes Elegibles

Cada propuesta debe describir la norma bajo la cual habrá de determinarse la elegibilidad de los clientes. El programa de servicios legales, como todos los otros proyectos OEO, dirige su atención y los recursos de la comunidad a atender las necesidades de aquellas personas a quienes la pobreza oprime y coloca en desventaja. La OEO no habrá de proveer fondos para programas que proveen asistencia legal gratis a individuos u organismos que puedan contratar abogados particulares. La norma no deba establecerse a un nivel tan alto que incluya

---

[1] 42 U.S.C.A. § 2809.

clientes que pueden pagar los honorarios de un abogado sin poner en peligro su elegibilidad para obtener alimentos, ropa y residencia decentes. Ese es un programa de asistencia legal para los que están en estado de pobreza.

La norma de elegibilidad debe incluir tales factores como ingresos, dependientes, bienes y deudas, costo de vivienda decente en la comunidad y un estimado del costo de los servicios legales requeridos. Ninguna norma debe ser inflexible. Debe hacerse alguna concesión a los fines de proveer ayuda en casos en que pueda causarse una injusticia inusitada, por ejemplo, debido a largos períodos de desempleo o de enfermedad. Con el fin de evitar el abuso, tal discreción debe situarse solamente en el personal de supervisión y debe estar sujeto a revisión por la junta normativa.

Los programas no deben proveer asesoramiento legal gratis en casos que generen honorarios como son los casos de honorarios contingentes y en otros casos en que los honorarios provistos por estatutos o reglas administrativas son suficientes para obtener los servicios de un abogado. La prueba debe ser si el cliente puede obtener representación legal. Cuando un caso conlleva honorarios suficientes para contratar abogados particulares competentes, el cliente debe ser referido a un abogado bajo un sistema que le provea un abogado apropiado. Si los honorarios no son suficientes para atraer un abogado particular, el cliente puede ser elegible a la asistencia del programa de la OEO." (*Poverty Law Reporter*, pág. 7702, § 6700.35.)

Siguiendo las directrices fundamentales de la Oficina de Oportunidad Económica y luego de un proceso de consulta y discusión se redactaron las Normas de Aceptación y Tramitación, las que finalmente fueron aprobadas por la Junta de Directores de la Corporación de Servicios Legales de Puerto Rico. Para la determinación de elegibilidad de clientes se establecieron las siguientes normas:

"Artículo 7. Los siguientes criterios económicos serán de aplicación general a todos los solicitantes que interesen servicios.

(a) Individuos con ingresos anuales que no excedan de $600.00.

(b) Familias compuestas por dos o más personas con ingresos anuales que no excedan de $600.00 por el primer miembro y $200.00 por cada dependiente.

(c) Se tomará en cuenta, además los siguientes factores generales en la medida y alcance que se señala:

1) La enfermedad o padecimiento prolongado de cualquier miembro del grupo familiar y las deudas incurridas para satisfacer alguna necesidad básica del solicitante o del grupo familiar, así como cualquier otra circunstancia ajena al solicitante que tenga un efecto significativo en cuanto a su capacidad económica.

2) Cualquier otro recurso económico, además del ingreso, que el solicitante tenga a disposición. Podrán aceptarse casos de solicitantes con ingresos superiores a los computados bajo los incisos a) y b), siempre que no excedan de dichas cantidades en más de un 50% si, luego de agotarse los recursos existentes en la comunidad para eliminar o miniminar los efectos del problema que aqueja al solicitante, la consideración de los factores enumerados en este inciso, así lo justifica. [2]

Como puede verse las directrices en cuanto a cualificación para recibir ayuda legal aprobada tanto por la oficina central como por la corporación de Puerto Rico no son inflexibles. Ni el ingreso económico del cliente ni la cuantía de sus bienes son de por sí solos determinantes de la elegibilidad del cliente. Otros factores son también tomados en consideración tales como cuando el pago de los honorarios de un abogado privado implicaría la venta o hipoteca del único inmueble que posee, o le prive de las perentorias necesidades de su vida y las de su familia.

La evaluación de las cualificaciones del cliente para recibir los servicios legales de la Corporación de Servicios Legales de Puerto Rico, corresponde exclusivamente a dicha corporación. Si ésta se desvía de sus propias normas en la selección de clientes, podrá plantearse el problema ante la Oficina de Oportunidad Económica o tal vez ante el Colegio

---

[2] Normas de Aceptación y Tramitación de Casos.

de Abogados de Puerto Rico, a los fines pertinentes, pero tal desviación de las referidas normas no autoriza a un magistrado a negarse a entender en el caso. A los fines del tribunal basta que el cliente esté representado, con su anuencia, por un abogado admitido a ejercer la profesión en Puerto Rico.

Por las razones expuestas *se revoca la resolución dictada en 27 de enero de 1970 por la Sala de Ponce del Tribunal Superior de Puerto Rico, y se devuelve el caso para ulteriores procedimientos.*

El Juez Presidente Señor Negrón Fernández y el Juez Asociado Señor Santana Becerra, no intervinieron.