*In re* ÁNGEL L. TAPIA FLORES.

*Número:* AB-94-103        *Resuelto:* 10 de noviembre de 1994

*René Santiago Vega, Arturo Rosa De La Fuente, José L. Carrión Latoni* y *Domingo Laracuente Cruz*, abogados querellantes; *Ángel L. Tapia Flores, pro se.*

## RESOLUCIÓN

Examinada la queja presentada por los abogados René Santiago Vega, José Luis Carrión Latoni, Arturo Resa de la Fuente y Domingo Laracuente Cruz contra el Lcdo. Ángel L. Tapia Flores, *no ha lugar al ejercicio de nuestra jurisdicción disciplinaria.*

*Publíquese*

Lo acordó el Tribunal y certifica el señor Secretario General. El Juez Asociado Señor Rebollo López emitió un voto concurrente. Los Jueces Asociados Señores Negrón García y Alonso Alonso se inhibieron. La Juez Asociada Señora Naveira de Rodón no intervino.

(*Fdo.*) Francisco R. Agrait Lladó
*Secretario General*

— O —

Voto concurrente emitido por el Juez Asociado Señor Rebollo López.

Concurrimos con el *resultado* de la resolución que en el día de hoy emite la mayoría de los integrantes del Tribunal en el asunto del epígrafe; esto es, con la decisión de *archivar* la queja que contra el Lcdo. Ángel L. Tapia Flores radicaran cuatro (4) abogados de la Corporación de Servicios Legales de Puerto Rico. Lo hacemos en vista del *hecho específico* de que el licenciado Tapia Flores ha ofrecido *excusas* por la acción en que se fundamenta la queja contra él presentada.

*Ello no obstante*, entendemos procedente hacer unas breves expresiones respecto a este *lamentable incidente* con el *único propósito* en mente de evitar que situaciones similares puedan repetirse en el futuro.

I

Radicadas dos (2) acciones, en cobro de dinero y desahucio, ante el Tribunal de Distrito, Sala de San Juan, y luego de la ocurrencia de varios trámites que resultan innecesarios relatar, el Lcdo. Ángel L. Tapia Flores, abogado que representaba a la parte demandante, radicó una moción mediante la cual solicitaba del referido foro judicial que

decretara la *descualificación*, como abogados de la parte demandada, de los letrados que representan a la parte demandada; *abogados que laboran para la Corporación de Servicios Legales de Puerto Rico.* Dicha solicitud de descualificación estuvo predicada, *en primer lugar,* en que la referida parte demandada "no cualifica, bajo los criterios de la Corporación de Servicios Legales, *para ser representada por abogados de esa Corporación*" y, *en segundo término,* por razón de que, alegadamente, dichos abogados "son *clientes y consumidores* del negocio que tiene la parte demandada, en el local arrendado, *lo que resulta en un claro conflicto de intereses*". (Énfasis suplido.) Moción solicitando descualificación de abogados, pág. 1.

Los aludidos abogados, prontamente, radicaron ante el tribunal de instancia una moción en solicitud de que se eliminaran dichas alegaciones. En la misma sostuvieron que la alegación, respecto a que ellos eran "clientes y consumidores del negocio que tiene la demandada", *aparte de ser falsa,* "atenta *contra la integridad* de los [cuatro (4)] abogados que comparecemos en la contestación a la demanda". (Énfasis suplido.) Moción solicitando se eliminen alegaciones, pág. 1. El licenciado Tapia Flores, con igual prontitud, replicó. En el escrito que a esos efectos radicara, se reafirmó en lo expresado en la moción que hubiera radicado en solicitud de la descualificación de los mencionados abogados.

Ello motivó que los abogados René Santiago Vega, José Luis Carrión Latoni, Arturo Resa De la Fuente y Domingo Laracuente Cruz radicaran una "querella" ante este Tribunal en contra del licenciado Tapia Flores. En la misma se reafirmaron en que la imputación que se les hiciera, a los efectos de que eran clientes y consumidores de la parte demandada, era totalmente falsa. Sostuvieron, en adición, que dicha imputación constituye

... un *ataque vicioso a la integridad* de los abogados de la parte demandada *toda vez que razonablemente puede interpretarse en*

*el sentido de que éstos están cobrando en especie por sus servicios profesionales y el pago se verifica mediante el consumo gratuito de bebidas alcohólicas en el cafetín de la parte demandada.* (Énfasis suplido.) Querella de 31 de agosto de 1994, pág. 3.

Expresaron dichos abogados, por último, en la querella radicada, que entendían que la conducta y acción del licenciado Tapia Flores infringía las disposiciones de los Cánones 29 y 35 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX. Le concedimos término al licenciado Tapia Flores para que expusiera lo que a bien tuviera respecto a la "querella" contra él presentada. Ha comparecido. En su comparecencia admite, naturalmente, la existencia de la moción en solicitud de descualificación y lo expuesto en la misma. No obstante indicar que tenía buenas razones para sostener lo allí expresado, expone que no tuvo la intención de

... denigrar a ninguna persona o compañero sino fijar unos contornos de responsabilidad en términos de las normas [o] criterios a utilizarse para la aceptación de clientes del programa [de Servicios Legales], así como el establecimiento de normas de profil[a]xia profesional con respecto a las relaciones de abogado cliente entre los participantes del programa y la clientela. Contestación a querella, pág. 2.

En el día de hoy, una mayoría de los integrantes del Tribunal ha entendido procedente disponer de la situación planteada mediante la emisión de un *escueto* "no ha lugar al ejercicio de nuestra jurisdicción disciplinaria". (Énfasis suprimido.) Resolución, pág. 445. de lo de noviembre de 1994. Somos del criterio que la situación planteada *amerita* la exposición de "algo más" por parte de este Tribunal.

## II

El argumento del licenciado Tapia Flores, a los efectos de que uno de los propósitos que tuvo al radicar la moción de descualificación fue el de "fijar unos contornos de res-

ponsabilidad en términos de las normas y criterios a utilizarse para la aceptación de clientes del programa" —Contestación a querella, pág. 2— de Servicios Legales, es uno *no sólo* totalmente carente de méritos *sino que* demuestra desconocimiento de la *norma jurisprudencial vigente* en nuestra jurisdicción y pertinente al asunto en controversia.

Como expresara este Tribunal en *Feliciano v. Tribunal Superior*, 99 D.P.R. 504, 508 (1970), la "evaluación de las cualificaciones de [un] cliente para recibir los servicios legales de la Corporación de Servicios Legales de Puerto Rico *corresponde exclusivamente a dicha corporación*" (énfasis suplido); *razón por la cual resultaba totalmente improcedente que el licenciado Tapia Flores le planteara el asunto al foro de instancia.*

Por otro lado, y respecto a la alegación del licenciado Tapia Flores a los efectos de que los abogados de Servicios Legales que representaban a la parte demandada eran "clientes y consumidores" de la misma, *somos del criterio que dicha aseveración es una de tal naturaleza que, de ordinario, debe ser dilucidada por este Tribunal con el propósito de adjudicar responsabilidad,* ya fuera a dichos abogados si es que la misma era cierta, ya fuera al licenciado Tapia Flores, de encontrarse que dicha aseveración era falsa.

Ello así ya que, al igual que los cuatro (4) abogados querellantes de Servicios Legales, somos de la opinión que dicha aseveración puede razonablemente ser interpretada como que dichos abogados estaban, *en palabras de éstos,* "cobrando en especie por sus servicios profesionales y el pago se verifica mediante el consumo gratuito de bebidas alcohólicas en el cafetín de la parte demandada" —Querella de 31 de agosto de 1994, pág. 3— *lo cual, de ser cierto, implica una violación de las normas de la Corporación de Servicios Legales por parte de dichos abogados, situación que podría conllevar la imposición a éstos de sanciones administrativas y disciplinarias.*

Por otro lado, de determinarse que dicha aseveración es falsa, *ello podría implicar una infracción de las disposiciones de los Cánones 29 y 35 del Código de Ética Profesional, ante, de parte del licenciado Tapia Flores*; lo cual, *naturalmente*, podría conllevar desde una sencilla amonestación hasta la imposición de sanciones al licenciado Tapia Flores por parte de este Tribunal.

*Ello no obstante*, y en virtud de las *excusas* ofrecidas por el licenciado Tapia Flores, *concurrimos* con el no ha lugar decretado por el Tribunal. Invitamos, *sin embargo*, al mencionado abogado y a *todos* los miembros de la profesión legal para que en el futuro, antes de hacer una alegación de la naturaleza de la aquí en controversia, no sólo cotejen la veracidad de dicha alegación sino que deliberen sobre la conveniencia de radicar la misma. Dicha diligencia, por parte del abogado, tiene, de ordinario, la *saludable consecuencia* de evitar no sólo el lastimar la sensibilidad, prestigio y dignidad de los compañeros abogados sino que protege a los abogados contra la posibilidad de infringir las disposiciones de los cánones de ética profesional.

Por último, somos del criterio que todos los abogados que practican la profesión, así como todos los funcionarios que diariamente intervienen en la difícil tarea de impartir justicia en nuestra jurisdicción, deben mantener siempre presente que tanto los abogados de la Corporación de Servicios Legales, que laboran en el campo de lo civil, como los de la Sociedad para Asistencia Legal, que rinden servicios en el área de lo penal, son esforzados servidores que llevan a cabo una difícil y extraordinaria labor en defensa de los derechos de los indigentes de nuestro País.

A nuestra manera de ver las cosas, resulta de *vital importancia* que se recuerde que, de la misma manera en que la condición económica de los clientes de Servicios Legales y Asistencia Legal *no* puede afectar *ni* desmerecer, *en forma alguna*, los *méritos* que puedan tener los reclamos

de éstos ante el foro judicial, *tampoco* nadie puede poner en duda el respeto y consideración que merecen los representantes legales de los ciudadanos indigentes de nuestro País; respeto, consideración y admiración que dichos abogados se han ganado por la labor de excelencia que, en condiciones adversas, históricamente han realizado en nuestra jurisdicción.