Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| MARK MCCULLOUGH LAGATUTTA<br><br>Recurrido<br><br>v.<br><br>XIOMARA VALENTÍN BELTRÁN, ASMEL ACUM, ISABEL MCCULLOUGH VALENTÍN<br><br>Peticionarios | KLCE202401309 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Municipal de San Juan<br><br>Caso núm.: SJ2024CV07255<br><br>Sobre: Desahucio por falta de pago |

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Salgado Schwarz y el Juez Monge Gómez

**Figueroa Cabán, Juez Ponente**

**SENTENCIA**

En San Juan, Puerto Rico, a 18 de diciembre de 2024.

Comparecen la señora Xiomara Valentín Beltrán y el señor Asmel Acum, en adelante los peticionarios, quienes solicitan que revoquemos la *Resolución Interlocutoria* emitida y notificada el 22 de noviembre de 2024. Mediante la misma, el Tribunal de Primera Instancia, Sala de San Juan, en adelante TPI, declaró no ha lugar la *Moción Solicitando Reconsideración* presentada por los peticionarios, de modo que les ordenó presentar una solicitud de indigencia juramentada.

Por los fundamentos que expondremos a continuación, se expide el auto de *certiorari*, se revoca la *Resolución Interlocutoria* recurrida y se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos conforme a lo dispuesto en la presente *Sentencia*.

**-I-**

En el contexto de una demanda sobre desahucio por falta de pago, el señor Mark McCullough Lagatutta, en adelante el señor McCullough o el recurrido, solicitó al foro primario ordenar a los peticionarios desalojar la propiedad arrendada de inmediato; pagar $14,080.00 por concepto de cánones de arrendamiento vencidos, líquidos y exigibles, así como los que se continúen acumulando; y pagar costas, gastos y honorarios de abogado.[1]

Por su parte, los peticionarios presentaron una *Moción Asumiendo Representación Legal*.[2] Establecieron que solicitaron y cualificaron para los servicios de la Oficina Legal de la Comunidad Inc., en adelante OLC, y del Proyecto de Desarrollo Económico Comunitario y Derecho a la Ciudad de la Universidad Interamericana de Puerto Rico, en adelante DeCiudad. A su vez, incluyeron la información de contacto del representante legal que les asignó proyecto DeCiudad, el Lcdo. Javier Abraham Torres Rivera.

Posteriormente, el TPI emitió una orden en la que autorizó la representación legal de los peticionarios.[3]

Además, el foro recurrido autorizó la representación legal adicional de los peticionarios a cargo de la Lcda. Melissa Hernández Romero y de dos estudiantes, al amparo de la Regla 12(g) del Reglamento del Tribunal Supremo de Puerto Rico.[4]

Oportunamente, el señor McCullough presentó una *Moción Informativa sobre Falta de la Parte Demandada sobre Suma a Consignar*.[5] Destacó que los representantes

---

[1] Apéndice de los peticionarios, págs. 4-6 y 16-18.
[2] *Id.*, págs. 7-8.
[3] *Id.*, pág. 9.
[4] *Id.*, pág. 96.
[5] *Id.*, págs. 13-14.

legales de las partes se reunieron y los peticionarios no pudieron ofrecer una suma de dinero para abonar a la deuda. Por ende, solicitó ordenar a los peticionarios consignar una suma razonable de dinero de los $14,080.00 adeudados.

Así pues, el foro primario concedió 5 días a los peticionarios para mostrar "causa por la cual no se les deba ordenar a consignar la cuantía de $5,000.00 por concepto de pago de vivienda".[6]

A raíz de lo anterior, los peticionarios presentaron una *Moción en Cumplimiento de Orden* en la que arguyeron que, conforme a su situación de insolvencia, hicieron dos ofertas al recurrido, quien las rechazó.[7] Adujeron que el tribunal les ordenó consignar la cuantía de $5,000.00 a pesar de que la deuda reclamada no era líquida ni exigible, "así como a pese haber sido informado, tanto en corte abierta como en las mociones en las que la OLC y la Clínica de Asistencia Legal de la Facultad de Derecho de la Universidad Interamericana asumieron representación legal de los codemandados". Enfatizaron que la OLC los evaluó y cualificó como personas en estado de insolvencia, por lo que la determinación del TPI, lejos de considerar su situación económica "en favor de proveer acceso a la justicia", les resulta "injusta, excesiva e imposible de ser satisfecha". En su opinión, la consignación ordenada "equivale a la fianza que se les impone a los demandados en casos de desahucio sumario como condición para apelar una sentencia en su contra, de cuyo pago están exentos".

---

[6] *Id.*, pág. 15.
[7] *Id.*, págs. 26-31.

Del mismo modo, arguyeron que la Regla 69.6 de Procedimiento Civil de 2009 prohíbe exigir la prestación de fianza a las partes litigantes insolventes, expresamente exceptuadas por ley para el pago de aranceles y derechos. Además, los peticionarios plantearon que el Tribunal Supremo de Puerto Rico, en adelante TSPR, extendió la exención reconocida a las personas indigentes en cuanto al pago de la fianza, aun cuando el TPI no haya hecho la determinación.

En desacuerdo, el recurrido presentó una *Réplica a Moción en Cumplimiento de Orden Presentada por la Parte Demandada Valentín y Acum*.[8] En síntesis, insistió en que se ordenara a los peticionarios probar su estado de indigencia y que el foro recurrido otorgara total credibilidad a la admisión libre y voluntaria de aquellos sobre la obligación de pago de $880.00 mensual y de la deuda de 14 meses.

Con el beneficio de la comparecencia de ambas partes, el TPI concedió 5 días a los peticionarios para completar la solicitud de indigencia debidamente juramentada, "toda vez que la solicitud de indigencia que hizo la Clínica de Asistencia Legal de la UIAPR [*sic*.] **corresponde a dicha organización** – PERO NO A ESTE TRIBUNAL".[9]

Insatisfechos, los peticionarios presentaron una *Moción Solicitando Reconsideración*.[10] Reiteraron que conforme a la Regla 69.6 de Procedimiento Civil de 2009, así como la *Ley para Eximir de Toda Clase de Aranceles a la Corporación de Servicios Legales de Puerto Rico y otras Entidades Análogas*, en adelante la Ley Núm. 122-

---

[8] *Id.*, págs. 42-46.
[9] *Id.*, pág. 41. (Énfasis en el original).
[10] *Id.*, págs. 53-61.

1967 y la *Ley para Eximir a las Personas que Sean Atendidas por las Clínicas de Asistencia Legal de las Escuelas de Derecho de Puerto Rico del Pago de Toda Clase de Derechos, Aranceles, Contribuciones o Impuestos*, en adelante Ley Núm. 81-1964, están exentos de consignar la cantidad de $5,000.00 impuesta por el TPI, equivalente al pago de una fianza. Argumentaron que la determinación del TPI contraviene lo resuelto por el TSPR en *Feliciano Irigoyen v. Tribunal Superior*, 99 DPR 504 (1970), ya que "tiene un efecto discriminatorio, en tanto coloca una barrera adicional a las que ya confrontan las personas indigentes" y "niega… el derecho efectivo del cliente a recibir servicios legales sin demora".

Además, arguyeron que requerir una segunda revisión sobre su condición de indigentes interfiere tanto con la facultad de la OLC para determinar en qué casos asume representación, como con la relación cliente-abogado. Destacaron, a su vez, que la clínica DeCiudad se rige bajo las disposiciones de la Regla 12 del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B, para la representación legal de personas indigentes y que tanto esta clínica como la OLC utilizan como criterio de indigencia el nivel de ingresos máximos establecido por Legal Services Corporation. Por ende, insistieron en que la determinación de elegibilidad de la OLC es suficiente para dejar sin efecto la orden de solicitud juramentada de indigencia.

En dicho contexto procesal, el foro primario resolvió:

> NO HA LUGAR a la *Solicitud de Reconsideración* (SUMAC 55) presentada por los codemandados Xiomara Valentín y Asmel Acum en torno a la presentación de una solicitud debidamente juramentada sobre indigencia. Se hace constar que, si estos cumplieron con los criterios de la Clínica de

Asistencia Legal de la UIAPR [*sic*.], no deberían tener problemas en cumplir con los de este Tribunal.[11]

Aun inconformes, los peticionarios presentaron una *Solicitud de Certiorari* en la que alegan que el TPI cometió el siguiente error:

ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL EXIGIRLE A LOS CO DEMANDADOS XIOMARA VALENTÍN BELTRÁN Y ASMEL ACUM A PRESENTAR UNA SOLICITUD JURAMENTADA DE INDIGENCIA, A PESAR DE ESTOS ESTAR DEBIDAMENTE REPRESENTADOS POR LA OFICINA LEGAL DE LA COMUNIDAD, INC Y CUALIFICADOS POR ESTOS COMO PERSONAS EN ESTADO DE INDIGENCIA.

La parte recurrida no presentó su alegato en oposición a la expedición del auto de *certiorari* conforme al término establecido en el Reglamento del Tribunal de Apelaciones. En consecuencia, el recurso está perfeccionado y listo para adjudicación.

Luego de revisar el escrito de los peticionarios y los documentos que obran en autos, estamos en posición de resolver.

**-II-**

**A.**

Como cuestión de umbral, la Regla 52.1 de Procedimiento Civil establece el alcance de la revisión discrecional de las resoluciones u órdenes interlocutorias emitidas por el Tribunal de Primera Instancia en los siguientes términos:

El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de

---

[11] *Id.*, págs. 1-2.

> testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia[…].[12]

## 1.

Rebasado el umbral establecido en la Regla 52.1 de Procedimiento Civil, *supra*, corresponde a este tribunal intermedio determinar si procede revisar la determinación interlocutoria recurrida.

A esos efectos, el auto de *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior.[13] Distinto al recurso de apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de manera discrecional, por tratarse de ordinario de asuntos interlocutorios.[14] Sin embargo, nuestra discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera.[15]

Por su parte, la Regla 40 del Reglamento de este Tribunal establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*. Sobre el particular dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

---

[12] Regla 52.1 de Procedimiento Civil (32 LPRA Ap. V).
[13] *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *García v. Padró*, 165 DPR 324, 334 (2005).
[14] *Torres González v. Zaragoza Meléndez*, *supra*, pág. 847; *Medina Nazario v. McNeil Healthcare LLC*, *supra*, pág. 729; *García v. Padró*, *supra*, pág. 334.
[15] *Torres González v. Zaragoza Meléndez*, *supra*, pág. 847; *Mun. Caguas v. JRO Construction, Inc.*, 201 DPR 703, 711-712 (2019); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012); *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

A.   Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B.   Si la situación de hechos planteada es la más indicada para el análisis del problema.

C.   Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D.   Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E.   Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F.   Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G.   Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[16]

Ahora bien, una vez este foro decide expedir el auto de *certiorari*, asume jurisdicción sobre el asunto en controversia y se coloca en posición de revisar los planteamientos en sus méritos.[17] Sobre el particular, el Tribunal Supremo de Puerto Rico, en adelante el TSPR, afirmó:

Asumir jurisdicción sobre un asunto, expidiendo el auto de *certiorari*, ha sido definido como la autoridad en virtud de la cual los funcionarios judiciales conocen de las causas y las deciden. Constituye la facultad de oír y resolver una causa y de un tribunal a pronunciar sentencia o resolución conforme a la ley. Dicha jurisdicción incluye la facultad de compeler a la ejecución de lo decretado y puede decirse que es el derecho de adjudicar con respecto al asunto de que se trata en un caso dado.[18]

En fin, al asumir jurisdicción sobre el asunto que tiene ante su consideración mediante la expedición de un

---

[16] *Torres González v. Zaragoza Meléndez*, *supra*, pág. 848; *Mun. Caguas v. JRO Construction, Inc., supra*; 4 LPRA Ap. XXII-B, R. 40.
[17] H. A. Sánchez Martínez, *Práctica Jurídica de Puerto Rico, Derecho Procesal Apelativo*, San Juan, Lexis-Nexis de Puerto Rico, Inc., 2001, pág. 547.
[18] *Negrón v. Srio. de Justicia*, 154 DPR 79, 92-93 (2001).

auto de *certiorari*, este Tribunal cumple su función principal de revisar las decisiones del foro de instancia para asegurarse que las mismas son justas y que encuentran apoyo en la normativa establecida.[19]

**B.**

La Ley Núm. 122-1967 se aprobó para eximir a la Corporación de Servicios Legales de Puerto Rico **y toda aquella otra entidad u organización municipal sin fines de lucro, cuyas funciones y propósitos sean similares a los de dicha Corporación**, "del pago de toda clase de derechos, aranceles, contribuciones o impuestos provistos por las leyes vigentes en la tramitación judicial de los casos".[20]

De conformidad con la intención legislativa, el TSPR ha determinado que "[l]a evaluación de las cualificaciones del cliente para recibir los servicios legales de la Corporación de Servicios Legales de Puerto Rico, corresponde exclusivamente a dicha corporación".[21] Del mismo modo, ha establecido que "**la exención a Servicios Legales opera en todos los asuntos en que estuvieren interviniendo a favor de los indigentes y a beneficio de todo lo que fuere pertinente al desempeño de sus funciones**".[22]

**-III-**

Como cuestión de umbral determinamos que tenemos facultad para atender el recurso ante nuestra

---

[19] *Id.*, pág. 93.
[20] Exposición de Motivos de la Ley Núm. 122 de 9 de junio de 1967 y Art. 1 de la Ley Núm. 122 de 9 de junio de 1967 (32 LPRA sec. 1500). (Énfasis suplido).
[21] *Feliciano Irigoyen v. Tribunal Superior*, 99 DPR 504, 508 (1970).
[22] *Servicios Legales de PR v. López Ortiz*, 211 DPR 393, 416 (2023). (Énfasis en el original).

consideración porque la determinación recurrida configura una situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Regla 52.1 de Procedimiento Civil, *supra*.

Aclarado lo anterior, corresponde ejercitar nuestra discreción y expedir el auto solicitado, ya que el remedio y la disposición recurrida son contrarios a derecho. Regla 40 (A) del Reglamento del Tribunal de Apelaciones, *supra*.

Los peticionarios alegan que satisfacen los criterios de elegibilidad por indigencia de la OLC, de modo que la exención al amparo de las leyes Núm. 122-1967 y Núm. 81-1964 les cobija. Por consiguiente, coligen que también están exentos de consignar el pago de $5,000.00, equivalentes a la prestación de una fianza. Aducen, que conforme al estado de derecho vigente, "[l]a evaluación realizada por la OLC, al ser una entidad legalmente reconocida y calificada, debe ser aceptada como suficiente sin requerir que el tribunal intervenga o repita el proceso". En su opinión, la reevaluación que ordena el TPI "constituye una interferencia indebida tanto con el rol de la entidad como con la relación abogado-cliente, así como impone una carga injustificada y discriminatoria sobre las personas por su condición determinada de indigencia o de insolvencia". En síntesis, solicitan que la orden de solicitud juramentada por indigencia se deje sin efecto.

Tienen razón. Veamos.

De la normativa previamente expuesta se desprende que tanto la Oficina Legal de la Comunidad, Inc., como el Proyecto de Desarrollo Económico Comunitario y del Derecho a la Ciudad de la Universidad Interamericana de

Puerto Rico son, para efectos de la representación legal de clientes indigentes, entidades sin fines de lucro, cuyas funciones son análogas a las de la Corporación de Servicios Legales de Puerto Rico. De modo, que como en el caso de esta última, la cualificación de indigencia de sus representados corresponde exclusivamente a la Oficina Legal de la Comunidad, Inc. y al Proyecto de Desarrollo Económico Comunitario y del Derecho a la Ciudad de la Universidad Interamericana de Puerto Rico.

En consideración a lo anterior, resulta innecesario e incorrecto en derecho que los tribunales exijan una cualificación de indigencia adicional a aquella que en nuestro ordenamiento jurídico corresponde exclusivamente al proveedor de servicios legales pro bono.

Coincidimos con los peticionarios en que exigir un segundo examen de la cualificación de indigencia no solo coloca en desventaja a los litigantes indigentes respecto a aquellos que no lo son, sino que podría retrasar significativamente los procedimientos judiciales.[23]

**-IV-**

Por los fundamentos previamente expuestos, se expide el auto de *certiorari* y se revoca la *Resolución Interlocutoria* recurrida, se deja sin efecto la Orden que requería a los peticionarios cumplimentar una solicitud de indigencia juramentada y se devuelve el caso al Tribunal de Primera Instancia para la

---

[23] Basta imaginar el retraso que se produciría en la litigación penal en Puerto Rico si los tribunales de instancia requirieran una determinación de indigencia adicional a la que efectúa la Sociedad de Asistencia Legal.

continuación de los procedimientos conforme a lo dispuesto en la presente *Sentencia*.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones